Hart v. Davis.

MARTIN D. HART v. DAVID DAVIS.

In an action for damages for a tort, the defendant cannot plead in set off damages resulting from a tort previously committed by plaintiff.

Appeal from Hunt. Tried below before Hon. W. S. Todd. Suit for damages for an assault and battery.

The Court struck out so much of the answer of the defendant as set up in reconvention a libellous publication made by plaintiff of and concerning the defendant, to which defendant excepted.

There was a verdict and judgment for plaintiff, and motion for new trial refused.

*W. H. Johnson* and *B. W. Gray*, for appellant, cited Thomas v. Hill, 3 Tex. R. 270 ; Egery v. Powers, 5 Tex. R. 501 ; Walcot v. Hendricks, 6 Tex. R. 406 ; Bradford v. Hamilton, 7 Tex. R. 55 ; Castro v. Gentilly, 11 Tex. R. 28.

*J. E. Wilson*, for appellee.

ROBERTS, J. The question in this case is, can a tort be set off against a tort, as a libel against an assault and battery with a cowhide. To admit such a plea would establish the rule in effect that a trespass might be justified by a previous libel, if the jury should think the injury inflicted by the libel and trespass about equal. Or in other terms, it would permit one who was slandered to obtain his redress by an assault, instead of a suit, provided he could establish that he had imposed no greater injury on the assaulted than had been done to him by the slander.

The Common Law tolerates no rule which would permit such a retaliation of injuries. Indeed the simplicity and directness of its remedies disallowed set offs of any sort. It is consequently to other sources we must look for both the existence and extent of this remedy by set off.

Such a case as this is evidently not included within the provisions of our Statute of "discounts and set offs." (Hart. Dig. p. 222.) Though it has been held that equity will extend the remedy beyond the limits of the Statute, still it never has been held, as is believed, to extend to a case of tort like the present. Nor is there any equitable ground presented, which would require the rule to be extended beyond the Statute. It is alleged that Davis was insolvent at the time of the assault. The insolvency is alleged rather as a reason for the castigation, in the absence of another remedy, than as an equitable ground of relief in defence of the suit.

We are of opinion that the Court did not err in striking out the plea setting up the libel. Judgment is affirmed.

Judgment affirmed.