Adopted.

## J. R. SHOOK vs. W. C. PETERS.

### SUPREME COURT, AUSTIN TERM, 1883.

*Assault and Battery—Damages—Reconvention.*—In an action for damages for assault and battery, the fact that the plaintiff subsequently instituted a malicious prosecution against defendant, would not furnish to the defendant any defense to the action, nor could any damage to defendant, resulting from such malicious prosecution, be pleaded in reconvention.

*Same.*—The fact that defendant was acquitted of the criminal charge of assault and battery furnishes no defense to a civil action for damages, nor could such matter go in bar or mitigation of damages. actual or exemplary.

*Charge—Verdict—New Trial.*—For discussion of these subjects see opinion.

Appeal from Bexar Co.

The appellee filed his first amended original petition in the court below, December 7th, 1881, charging that on August 19th, 1881, at the place of business of appellee, appellant made an assault on appellee and with a certain heavy buggy whip struck appellee senseless, making an indentation upon appellee's skull, and endeavored to follow up the assault, but was prevented from so doing. That this assault was made without provocation, maliciously and with intent to injure appellee. Appellee distributed the damage alleged to have been sustained by him as the consequence of said assault as follows:—

Mental and physical anguish and pain, five thousand dollars.

Trouble and expense for medical attendance, for medicine and assistance in his illness resulting from said wounds and bruises, one thousand dollars.

Inability to labor and consequent deprivation of proceeds of labor, one thousand dollars.

Great pain and loss of time in the present and inability in the future to resume his occupation for one year and consequent depri-

vation of the fruits of his labor during one year, three thousand dollars.

Liability to pay reasonable physicians' bill, one thousand dollars.

Punitory and exemplary damage, nine thousand dollars.

' Appellee also alleged that to prevent paralysis and death or insanity, he is informed that a painful, expensive and dangergus surgical operation will be necessary; that he can never recover his mental or physical faculties; that his life thereby was materially shortened; and that prior to the assault he was a man of robust health, but was now feeble, ill and incapable of laboring.

December 15th, 1881, appellant filed his exceptions to said petition, which were overruled by the court.

March 27th, 1882, appellant filed his amended original answer denying the allegations of the plaintiff's petition, pleading not guilty, and specially answering that the appellant had been informed that the appellee had made an assault upon his child of the age of twelve years immediately before he saw appellee; that appellee at that time had attempted to make an assault upon appellant; and that appellant to defend himself against attack had struck appellee.

That upon a criminal charge preferred by appellee, and in a trial upon the merits for the same act, he had been fully acquitted, and that in and by said trial he had been put to great expense and damage in the sum of six hundred dollars.

March 27th, 1882, appellee filed his motion to strike out said answer, which the court sustained as that part of same setting up *antrefois acquit* and counter damage.

March 27th, 1882, appellant filed his trial amendment, setting up former acquittal and damage by reason of the said criminal prosecution, which was struck out upon motion filed March 27th, 1882.

March 29th, 1882, judgment was rendered for appellee for one thousand dollars.

March 31st, 1882, and May 8th, 1882, motion for a new trial and affidavit of newly discovered evidence filed by appellant overruled and appeal taken.

Opinion by Stayton, J.

The petition alleged the injury and the damage resulting therefrom with as much certainty as the nature of the case would probably permit, and the court did not err in overruling the demurrer thereto.

If the defendant committed a battery upon the plaintiff, the fact that the plaintiff may have subsequently instituted a malicious prosecution against him would not furnish to the defendant any defense to an action instituted by the plaintiff to recover damages done to him by the battery, nor could any damage to the defendant resulting from such malicious prosecution be pleaded in reconvention in this action.

Hart vs. Davis, 21 Tex. 411; Waterman on Set-off, 123.

Under the general denial, all mitigating facts were admissible in evidence.

The two matters have no such connection as authorize the setting up of the one as a defense to the other.

This action is based upon the battery by defendant upon the plaintiff. The matter sought to be set up in defense is based upon an alleged malicious prosecution subsequently instituted by the plaintiff against the defendant.

Art. 650, R. S., has no reference to such separate and distinct causes of action.

The fact that upon a criminal accusation against the defendant for the battery, which is the basis of plaintiff's claim for damages in this cause, the defendant was acquitted, furnishes no defense to the present action, nor could such matter go in bar or mitigation of damages actual or exemplary.

If there had been a conviction upon the criminal charge, and the fine paid, or the punishment suffered, that might be shown in mitigation of exemplary damages, but no such thing is pleaded.

Flanagan vs. Womack & Perry, 54 Tex. 46. Field on Damages, 122.

There being direct proof before the court as to the battery, it is not perceived that the court erred in refusing to admit evidence of the character of the plaintiff, and especially so, as it appears from the evidence, that the plaintiff was unknown to the defendant, and he could not therefore have been influenced in his conduct by anything other than what occurred at the time of the battery, and what he had previously learned in reference to the treatment of his son.

It is urged that the court erred in instructing the jury "That if the striking was done *wantonly and without justification,* the jury might find in addition to the actual damages sustained, such sum as may be deemed adequate as exemplary or punitory damages"; and

this, upon the ground that the charge was misleading in that, it gave the jury to understand that the terms "wantonly" and "without justification," were synonymous. Such could not have been the effect of the charge, but on the contrary its effect was that the act must have been not only wanton, but also without justification. At the request of the defendant, the court clearly instructed the jury as to the facts which they must find to authorize a verdict for the plaintiff, and it was not error to refuse to emphasize the charge thus given, by instructing the jury that unless such facts were proved they could not find for the plaintiff more than nominal damages.

It is true, that in a case in which a plaintiff claims damages actual and exemplary, that the jury should be instructed to separate the one from the other in their verdict, but a failure of the court so to charge is not cause for reversing a judgment, if the charge be otherwise correct and no request is made to the court for a charge upon that matter. Parties who are of the opinion that a charge is not so full as it might be, ought to ask such additional instructions as they think proper. This is due to the court and to themselves.

There was no error in refusing to grant a new trial on account of the newly discovered testimony, for had it been proved that the plaintiff "kicked" the defendant's son out of the ice house, it would not have been to him a justification for the battery upon the plaintiff; and in so far as the motive of the defendant in making the battery might be inquired into, all of the uncontradicted evidence shows that he acted upon the honest belief that his child had been "kicked" and otherwise mistreated by the plaintiff.

The provocation, real or supposed, was very great, and no doubt the jury took all of the attendant facts and circumstances into consideration in determining the right of the plaintiff to compensation, and as to the amount thereof, and looking to the testimony in regard to the character of the injury, we are unable to say that the jury gave the plaintiff a larger sum than the evidence justified for the actual damage received. The case was one, from the standpoint of the defendant, of great provocation to him, but it was one in which a jury would most probably give full force to all the mitigating circumstances, and while if the jury had given a less sum, or had found for the defendant, their verdict could not have been disturbed, yet we cannot say that the judgment is excessive. Finding no error in the judgment which requires its reversal it must be and is affirmed.