SPANISH FORK CITY, Appellant, v. WILLIAM M. THOMAS, Respondent.

Courts.—Jurisdiction Under City Ordinance.—District courts have no original jurisdiction of an offense involving the violation of a city ordinance, and where record does not show how the case came into the district court, the appeal will be dismissed.

Appeal from a judgment of the first district court, sustaining a demurrer to a criminal complaint.

*Messrs. Thurman & Evans*, for appellant.

*Messrs. Sutherland & Son*, for respondent.

Boreman, J.:

This is an appeal by plaintiff in the action from a judgment of the district court sustaining a demurrer to a complaint, and dismissing the same.    The complaint charges respondent with selling whiskey in violation of a city ordinance.    It is said in the argument to have been tried before a justice of the peace; that the respondent was convicted and then appealed to the district court.    But there is nothing in the record to show that the case was ever tried in a justice's court, or that the judgment was in the justice's court, or that there was any judgment, or that any appeal was ever taken therefrom.    The complaint purports to have been filed before a justice of the peace, and also in the district court; but how it got out of one court and into the other does not appear.    If disposed of in the justice's court, the record should show it, and also how it reached the district court.    Otherwise the district court could have no jurisdiction of the case, and, of course, this court could have none.    If the complaint was filed in the district court as an original paper in an action begun in the district court, it was a matter of which the district court could not take cognizance.    It has no original juris-

diction in cases where the offense charged consists of a violation of a city ordinance. In either view of the case, therefore, it was not properly in the district court, nor in this court, and the appeal should be dismissed; and it is so ordered.

ZANE, C. J., and POWERS, J., concurred.

The cause afterwards came before the court upon a petition for a rehearing. The grounds of the petition are stated in the opinion. The rehearing was denied.

BOREMAN, J.:

The appeal in this case was heretofore, at the present term of this court, dismissed, for the reason that the record did not show any jurisdiction in the district court, and consequently none in this court. A motion for the case to be reinstated upon the docket was made, whereby it was claimed that the omission of so much of the record which would show jurisdiction in the district court was left out through mistake, and not intentionally; and it was offered to be supplied, and it is asked that it be now so supplied, as part of the record of the case. The eighth rule of this court requires that a suggestion of diminution of record should be made before argument. It does not appear that a case has been made that would justify a departure from this rule. The motion to reinstate the case is, therefore, overruled.

ZANE, C. J., and POWERS, J., concurred.