LITTLE v. REID *et al., Appellant.*

Division One, November 3, 1897.

1. **Appellate Jurisdiction:** FORECLOSURE OF MORTGAGE. The Supreme Court is not the proper appellate court in an appeal from the circuit judgment finding for plaintiff in the sum of $1,729.75 and ordering a foreclosure of a mortgage securing the debt, although defendants pleaded the statute of limitations against the debt, and especially pleaded the act of February 18, 1891.

2. ———: ———: CASES INVOLVING TITLE TO REAL ESTATE. Against plaintiff's prayer for foreclosure of a judgment, defendants pleaded the statute of limitations, and offered to show that they had been in actual adverse possession for twenty years, which evidence the court excluded. *Held,* that the general denial of the answer and the plea

Little v. Reid.

of limitations did not raise the issue of title, *and* that the court correctly excluded the evidence offered by defendant for the purpose of showing adverse title as against the mortgage, because that question was not embraced within the issues in the case.

3. ———: CONSENT OF PARTIES. The Supreme Court will not assume jurisdiction over appeals which, by the constitutional limits governing appeals, should be sent to a court of appeals, even though both sides urge it to consider the case on its merits.

4. ———: FORECLOSURE OF MORTGAGE. Title is not involved in a suit merely to foreclose a mortgage.

*Appeal from Boone Circuit Court.*—HON JOHN A. HOCKADAY, Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*N. T. Gentry* and *W. M. Williams* for appellant.

(1) The court erred in permitting any evidence whatever to be introduced on the part of plaintiff, for the reason stated in defendant's objections to the introduction of any evidence. Sufficient facts were not stated to any equitable relief; and even if all the facts as stated were true, they did not constitute a cause of action. No reasons were given why plaintiff had slept on his rights for so many years, nor why he had failed to have the trustee to advertise under the deed of trust, and sell the land before the note was barred by the statute of limitations. *Johnson v. Buckner,* 4 Mo. 624; R. S. 1889, sec. 6774; *Johnson v. Johnson,* 81 Mo. 331; *Bush v. White,* 85 Mo. 358. (2) Error was also committed by the court in refusing to permit defendant to prove that Daniel Bentley had been in the open, adverse, notorious and peaceable possession of the land from 1872 to 1892, claiming the same against the interest of every person whomsoever, including the plaintiff. The mortgagor may hold adversely to the mortgagee, and ten years of such holding will be a bar to the mort-

gagee's recovery. *Benton Co. v. Czarlinsky*, 101 Mo. 275; *Booker v. Armstrong*, 93 Mo. 49; *Gardner v. Terry*, 99 Mo. 523; *Sherwood v. Baker*, 105 Mo. 472; *Chouteau v. Riddle*, 110 Mo. 366; *St. Louis v. Priest*, 103 Mo. 652; 2 Jones on Mortgages, secs. 1194 and 1195. (3) Plaintiff objected to this evidence on the ground that "defendant's answer did not set up the defense of adverse possession." "A plea of the statute of limitations is simply a denial of plaintiff's title; it can have no other legal effect; it need not be pleaded." *Nelson v. Brodhack*, 44 Mo. 596; *Ellis v. Murray*, 28 Miss. 129; *Holmes v. Kring*, 93 Mo. 452; *Stocker v. Green*, 94 Mo. 280; *Fairbanks v. Long*, 91 Mo. 628; *Fulkerson v. Mitchell*, 82 Mo. 13.

*Turner, Hinton & Turner* for respondent.

(1) The mere fact that more than ten years had elapsed since the execution of the deed of trust, or even for that matter that the debt secured by it was barred by the statute of limitations, constituted no defense to the action to foreclose. *Chouteau v. Burlando*, 20 Mo. 482; *Cape Girardeau v. Harbison*, 58 Mo. 90; *Lewis v. Schwenn*, 93 Mo. 26; *Booker v. Armstrong*, 93 Mo. 49; *Gardner v. Terry*, 99 Mo. 523; *Benton Co. v. Czarlinsky*, 101 Mo. 275; *Orr v. Rode*, 101 Mo. 387; *St. Louis v. Priest*, 103 Mo. 652; *Combs v. Goldworthy*, 109 Mo. 151; *Chouteau v. Riddle*, 110 Mo. 366; *Tucker v. Wells*, 111 Mo. 399. (2) No error was committed in excluding the evidence offered by the defendant on the subject of the so-called adverse possession. *Orr v. Rode*, 101 Mo. 387; *Murphy v. DeFrance*, 105 Mo. 53; *Nelson v. Brodhack*, 44 Mo. 596; *Campbell v. Gas. Co.*, 84 Mo. 352; *Utassy v. Giedinghagen*, 132 Mo. 53.

BARCLAY, P. J.—This action was begun April 19, 1895. The plaintiff is J. M. Little. The defendants

are Jas. H. Reid, as administrator of the estate of Daniel Bentley, deceased, Matilda Bentley (the widow of Daniel), and Joseph Little. The objects of the action are to foreclose a mortgage or deed of trust conveying certain real estate, and to obtain a judgment for the debt thereby secured. The deed of trust in the nature of a mortgage, which is the foundation of the action, was executed by Daniel Bentley and his wife, Matilda, October 3, 1882, to secure a note to plaintiff for $650, payable twelve months after date, with interest at eight per cent per annum to be compounded annually. Joseph Little was named as trustee, with certain powers of sale in event of default. This deed of trust was properly recorded. The land conveyed thereby as security consisted of some ninety acres in Boone county.

June 8, 1892, Mr. Bentley died intestate. His widow remained in possession of the land; but no administration was had upon his estate until April 5, 1895, when the probate court ordered defendant Jas. H. Reid, to take charge as public administrator. The foregoing exhibits the special features of the petition, which in other respects states an ordinary case for the foreclosure of the mortgage. The trustee and the widow, who are defendants, filed no answer. The administrator defended. He admitted the death of Mr. Bentley and his own status as personal representative, but denied the other allegations of the petition. The answer also set up the following special defenses:

"And for his further answer, this defendant says that plaintiff is estopped from bringing or maintaining this suit for the reason that more than ten years have expired prior to the institution of this suit since the execution of the note and deed of trust described in plaintiff's petition, and that the same are now more than ten years old and are therefore barred by the

statute of limitations of the State of Missouri, which this defendant sets up and pleads as a special defense in bar of plaintiff's recovery in this action. And this defendant would also plead and rely upon, as a special defense to the foreclosing of the deed of trust described in plaintiff's petition, the act of the General Assembly of the State of Missouri, passed and approved February 18th, 1891." The reply to the answer is a general denial.

At the trial defendant offered to prove that the deceased, Mr. Bentley, had been in adverse, open, notorious and peaceable possession of the premises in controversy, claiming the same against the interest of everyone, including plaintiff, from 1872 until his death in 1892. The learned trial judge, however, rejected that offer and excluded all testimony thereunder. It will not be necessary to go into further particulars of the trial. It will suffice to say that the court ultimately found for plaintiff, decreed a foreclosure, adjudged the sum of $1,729.75 to be due on the note secured, and directed the demand to be certified to the probate court for allowance of any residue that might remain due, after the foreclosure sale which was decreed. The defendant appealed from the decree, after certain motions and other steps in the circuit court.

The only question we shall touch at this time is whether or not this court has jurisdiction of this appeal. Counsel appear entirely willing to have the merits considered here. But it is part of our duty to observe the limitations on our authority, and hence to examine into the question just stated. *McGregor v. Pollard* (1895) 130 Mo. 334 (32 S. W. Rep. 640).

We discern no ground on which jurisdiction over this case can be maintained by this court. The only class of cases belonging here that might possibly be suggested as including the case at bar is the class "in-

volving title to real estate." Const. 1875, art. 6, sec. 12. But it has been often declared that title is not involved in a mere suit to foreclose a mortgage.  *State ex rel. v. Court of Appeals* (1877) 67 Mo. 199; *Pinneo v. Knox* (1881) 100 Ill. 471; *Bailey v. Winn* (1890) 101 Mo. 649 (12 S. W. Rep. 1045); *Barber Pav. Co. v. Hezel* (1897) 139 Mo. 228 (39 S. W. Rep. 781).

The defenses put forward by defendant in his answer only assert that the foreclosure is barred by the limitation law.   The offer of defendant to show adverse title (as against the mortgage) was beyond the issues of the pleadings.   The plaintiff objected to entering that foreign field, and the court sustained the objection. The rejected offer can not be properly held to have enlarged the paper issues in the case.   The general denial in the answer did not raise an issue of title in a case of this sort.   Nor could that issue be projected into the cause at the trial, in the manner attempted, against the protest and objection of the plaintiff.

It is true that, in actions of ejectment, title by adverse possession may be shown under a general denial of the allegation of title in plaintiff.   That rule must be accepted as settled by a line of decisions in this State. *Nelson v. Brodhack* (1869) 44 Mo. 596; *Bledsoe v. Simms* (1873) 53 Mo. 307; *Stocker v. Green* (1888) 94 Mo. 280 (1888) (7 S. W. Rep. 279).   But the proposition established by those decisions gives no sanction to the wide extension of its application sought by the defendant here.   Under the answer (of which a part has been above quoted) the deed of trust must be considered admitted.   The present right to enforce it is disputed, owing to the lapse of time; but its original effect as a conveyance of the title is plainly conceded.   Such is a fair and reasonable interpretation of the answer of the administrator.   The other defendants admitted the plaintiff's entire contention by their default.   In that

state of the pleadings the offer of proof of an adverse title was clearly irrelevant. It was not admissible under the principles of pleading discussed in the group of precedents last above cited, nor for any reason that has as yet been suggested.

In our judgment the Supreme Court has no jurisdiction of this appeal. It is therefore certified to the Kansas City Court of Appeals. MACFARLANE, ROBINSON and BRACE, JJ., concur.