### W. A. McCormick et al. v. John P. Schtrenck.

Decided February 9, 1910.

**1.—Tort—Offset.**

An action for damages by one tort can not be offset by damages from another.

**2.—Same—Assault.**

In an action by a husband and wife for assault by defendant upon the latter, his plea in reconvention for damages by a subsequent assault on him by the husband was inadmissible and exceptions thereto should have been sustained.

**3.—Evidence—Assault—Character.**

In an action for damages by assault and battery, proof of the quarrelsome character of the party assaulted is admissible only on the issue of self-defense, and is confined to general reputation known to defendant.

**4.—Assault—Provocation.**

Offensive or exasperating words or conduct will not justify an assault. A charge which allowed plaintiff to recover only in case the assault was "unprovoked" was erroneous.

Appeal from the District Court of Caldwell County. Tried below before Hon. L. W. Moore.

*E. B. Coopwood,* for appellants.—An uncertain amount of damages arising from a tort can not be pleaded in offset to another uncertain amount of damages arising from another tort. Sayles' Civ. Stats., art. 754; Shook v. Peters, 59 Texas, 395; Smith v. Bates, 27 S. W., 1044; Duncan v. Magette, 25 Texas, 245; Hart v. Davis, 21 Texas, 411; Presnall v. McLeary, 50 S. W., 1066; 1 Ency. Ev., 1000; Knight v. Old, 2 Texas App. Civ., sec. 78.

In an action for damages growing out of an assault, evidence of the turbulent character or reputation, or quarrelsome disposition or aggressiveness when angry, or habit of indulging in violent, abusive and profane language, is not admissible either in mitigation of damages or as justifying the assault. Shook v. Peters, 59 Texas, 395; 3 Cyc., 1093, 1094, and authorities there cited; 1 Ency. Ev., 998, par. "F., Character and Condition of Parties."

No provocative acts, conduct, former insults, threats or words, no matter how offensive or exasperating, nor how much they may be calculated to excite or irritate, will justify an assault, nor will they excuse the wrongdoer. Jackson v. Wells, 13 Texas Civ. App., 275; 3 Cyc., 1077, par. 8, "Provocation," and authorities there cited in notes 5 and 6; 3 Cyc., 1096, (D) "Provocation," and authorities there cited under note 4.

*A. B. Storey,* for appellee.—The court did not err in overruling plaintiff's general and special exceptions, for the reason that much of the matter complained of was part of the transaction itself, and the balance was caused by, directly followed, and was incident to, the transaction, the basis of plaintiff's. suit, and the law authorizes such pleas in defense as well as setoff. Rev. Stats., secs. 750, 754, 755; Castro v. Gentilley, 11 Texas, 30; Bradford v. Hamilton, 7 Texas, 55; Sterrett v. City of Houston, 14 Texas, 153; Phillips v. Patillo, 18 Texas, 518; Beckham v. Hunter, 37 Texas, 551; Brady v. Price, 19 Texas, 285; Texas & P. Ry. Co. v. Hurless, 1 Texas App. Civ., 306; Scott v. Texas Mex. Nat. Ry. Co., 18 S. W., 137; Sanders v. Bridges, 67 Texas, 93; Bodman v. Harris, 20 Texas, 31; Taylor v. Bewley, 93 Texas, 527.

If the court should conclude that it was error not to have stricken out appellee's action for damages, as set out in his answer, then in view of the evidence in the case, the charge of the court and the result of the trial, it was harmless error. 5 Current Law, 1620, 1640; Baum v. Corsicana Nat'l Bank, 75 S. W., 863; San Antonio & A. P. Ry. Co. v. Dolan, 85 S. W., 303; Sellers v. Savannah & F. W. Ry. Co., 51 S. E., 398.

Where the parties contradict each other in their testimony as to whether or not the appellant made the attack, and cursed and abused him, and that all ·he did was in self-defense against such attack, any evidence, direct or circumstantial, that will throw any light upon the question as to which contention was probably true is competent and probative. 3 Cyc., 1090; 16 Cyc., 1290.

The evidence was admissible, because the appellee plead justification and self-defense in what he did, and in all cases where such plea is made, the character or traits of character of the opposite party as a quarrelsome, aggressive or abusive person can be shown. 3 Cyc., 1090.

RICE, Associate Justice.—This suit was brought by McCormick and wife against defendant for the recovery of actual and exemplary damages for an assault alleged to have been committed by defendant upon Mrs. McCormick, resulting in serious injury to her.

The defendant, after demurrer and special exceptions, replied by plea of self-defense and by plea in reconvention, to recover against plaintiffs for actual and exemplary damages occasioned by and arising out of a subsequent assault alleged to have been committed by plaintiff, W. A. McCormick, on defendant, resulting in serious bodily injury to him.

By a supplemental petition appellants demurred generally to the allegations of appellee's plea in reconvention, and specially excepted

thereto, because the appellants' suit was for damages for an assault made by appellee upon Rosa McCormick, and the answer shows that the assault there set forth was made by W. A. McCormick, and that Rosa McCormick was in nowise responsible or liable for same or for damages thereby caused to appellee. The appellants likewise specially denied the allegations of appellee's plea in reconvention, and alleged that if W. A. McCormick did make an assault upon appellee, as therein charged, that the same was made at a different time and place than that made by appellee upon Rosa McCormick, did not grow out of same, was in nowise connected therewith, and was not incident thereto, averring that said assault and damages inflicted, if any, by W. A. McCormick, can not be pleaded in this suit for any purpose, either as justification or in mitigation, or as an offset or in reconvention.

The general demurrer and special exceptions so set up in appellants' supplemental petition were overruled, to which ruling they excepted.

Mrs. Rosa McCormick and appellee Schtrenck were members of the same church, living near each other in the vicinity of the church in the town of Luling. The former having occasion to go to the church on December 27, 1907, applied to Mrs. Schtrenck, wife of defendant, for the gate keys, which it. seems was kept locked, and which were refused her, whereupon she went to the gate and broke the lock with a rock, and made an effort to get into the window of the church, when she was seen by defendant who had just come up. A quarrel arose between them with reference to breaking the lock, which eventuated in an assault by each upon the other, as shown from the evidence, and in which each received serious personal injuries. After they were separated it seems that W. A. McCormick, husband of Mrs. Rosa McCormick, ascertained what had occurred, and during the afternoon of the same day made an assault upon and seriously injured defendant Schtrenck, which fact formed the basis of the latter's plea in reconvention.

A jury trial resulted in a verdict in favor of defendant against plaintiffs on the original cause of action, and in favor of plaintiffs against defendant's plea in reconvention, and judgment was rendered in accordance with the verdict, from which plaintiffs have appealed, complaining by their first assignment of error that the court erred in not sustaining their exceptions to the defendant's plea in reconvention setting up the subsequent assault by plaintiff W. A. McCormick on appellee in reconvention and set-off, because one tort can not be set off against another.

We fully agree with appellants' contention that the court erred in not sustaining their exception to defendant's plea in reconvention. The question raised by this exception is not an open one in this State. It has frequently been held that, in an action for damages for tort, the defendant can not plead in set-off damages resulting from a tort previously committed by the plaintiff. Judge Roberts, in Hart v. Davis, 21 Texas, 411, in discussing a similar question, says:

"The question in this case is, can a tort be set off against a tort, as a libel against an assault and battery with a cowhide? To admit such a plea would establish the rule in effect that a trespass might be

justified by a previous libel, if the jury should think the injury inflicted by the libel and trespass about equal. Or, in other terms, it would permit one who was slandered to obtain his redress by an assault, instead of a suit, provided that he could establish that he had imposed no greater injury on the assaulted than had been done to him by the slander. The common law tolerates no rule which would permit such a retaliation of injuries. Indeed, the simplicity and directness of its remedies disallowed set-offs of any sort. It is consequently to other sources we must look for both the existence and extent of this remedy by set-off. Such a case as this is evidently not included in our statute of 'discounts and set-offs.' Hart, Dig., p 222. Though it has been held that equity will extend the remedy beyond the limits of the statute, still it never has been held, as is believed, to extend to a case of tort like the present."

In Shook v. Peters, 59 Texas, 393, the same principle is upheld, citing with approval the case of Hart v. Davis, *supra,* and where, as shown by the syllabus, it was held that a former malicious prosecution by the plaintiff of the defendant will not afford matter of defense to an action by plaintiff to recover damages claimed for personal injuries inflicted by an assault; nor can injury to defendant, resulting from such action, be pleaded in reconvention against the suit for damages.

It was shown from the evidence here that there were two separate and distinct assaults between different parties and occurring at different times; and, clearly, one can not be plead in reconvention as against the other. And this, we think, would be true, even if these separate assaults were between the same parties. The refusal to countenance such a procedure on the part of our courts is based upon the idea that it would be contrary to public policy to permit one who had committed an assault upon another, and against whom a civil prosecution had been instituted, to plead in off-set to the action that the plaintiff had committed a similar assault upon him on another occasion.

In Waterman on Trespass, sec. 123, p. 149, it is said: "One trespass can not be used as a set-off against another consequent upon it. In an action for an assault and battery the defendant can not set up as a defense an assault and battery committed upon him by the plaintiff just before the time of the assault complained of." See also Smith v. Bates, 27 S. W., 1044; Duncan v. Magette, 25 Texas, 245; Presnall v. McLeary, 50 S. W., 1066; Knight v. Old, 2 Texas App. Civ., sec. 78.

We sustain this assignment because we believe the court erred in overruling the general demurrer and special exceptions to appellee's plea in reconvention. This ruling likewise disposes of the questions raised by the second and third assignments of error.

On the trial, as shown by appellants' bills of exception, the court, over their objection, permitted the witnesses, Mrs. Jennie Myers and Mr. and Mrs. LaCrosse, to testify that they had been acquainted with Mrs. Rosa McCormick for many years, and that she was of violent temper and quarrelsome disposition, and when angry was in the habit of using violent, profane and abusive language, and was aggressive

when angry. This ruling is made the basis of appellants' fourth, fifth and sixth assignments of error, and it is contended by their propositions thereunder that, in an action for damages growing out of an assault, evidence of the turbulent character or reputation or quarrelsome disposition and aggressiveness when angry, or habit of indulging in violent, abusive or profane language, is not admissible in mitigation of the damages or as justifying the assault. It is not shown in this case that the defendant knew of this disposition on the part of the plaintiff; and there is positive testimony in the record that the defendant made the first assault upon Mrs. Rosa McCormick. It is true, there is evidence also in the record to the effect that she struck him first. We think that the evidence of her character in this respect should have been excluded. In Shook v. Peters, *supra,* the same question as here presented was discussed, and Judge Stayton, in passing upon it, says: "There being direct proof before the court as to the battery, it is not perceived that the court erred in refusing to admit evidence of the character of the plaintiff, and especially so, as it appears from the evidence that the plaintiff was unknown to the defendant, and he could not, therefore, have been influenced in his conduct by anything other than what occurred at the time of the battery, and what he had previously learned in reference to the treatment of his son."

In 3 Cyc., 1093-4, it is said with reference to the subject in hand: "The character and standing of the parties are pertinent in determining the amount of exemplary damages, but are not an element of compensation. Ordinarily evidence as to the character of defendant, his general reputation or the like, being irresponsive to the issues, is inadmissible in mitigation or augmentation of damages, especially where it is apparent that he was the aggressor; nor may defendant, to reduce or mitigate the damages, attack the character of the plaintiff or show his reputation for turbulence or his propensity to commit or provoke a breach of the peace; nor may plaintiff or defendant show that he himself is a man of good character or reputation. Where, however, justification by way of self-defense is pleaded, it is competent to show the character of the opposite party to be quarrelsome or otherwise, when such fact has been brought to the knowledge of the other party prior to the assault complained of." See also Ency. of Evid., vol. 1, p. 998, par. F. But if evidence of this character, under any of the conditions suggested by the authorities, should become admissible, then certainly it should be confined to the general reputation, and not to the personal opinion or knowledge of the particular witness, as was here allowed by the court. See Golder v. Lund, 50 Neb., 867, 70 N. W., 379. The assignments raising this question are, therefore, sustained.

The court in its general charge instructed the jury as follows: "If you find from the evidence that the defendant Schtrenck did make an unprovoked attack upon Mrs. McCormick, and did commit injury to her body, causing pain and suffering, you will find for the plaintiffs," etc.

This charge is assailed on the ground that no words, conduct or acts, no matter how offensive or exasperating, will justify an assault.

It seems to be the rule that conduct of this character may be given in mitigation of damages, but can not be regarded as a justification against an assault; so that, no matter if Mrs. McCormick did provoke the attack by insulting words and conduct, as contended by appellee, still she would not be estopped from recovery on account thereof, as the charge seems to indicate. See Jackson v. Wells, 13 Texas Civ. App., 275, 35 S. W., 528; 3 Cyc., p. 1077, par. 8, "Provocation," and authorities there cited in notes 5 and 6; 3 Cyc., p. 1096, (D) "Provocation," and authorities there cited under note 4. Hence, we conclude that the seventh assignment presenting this question should be sustained.

For the errors indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*