## THOMAS v. SPIERS.

No. 4218.   Decided April 14, 1925.   (237 P. 233.)

1. APPEAL AND ERROR—QUESTIONING DEFENDANT AS TO HIS FINANCIAL STANDING, IF ERROR, HELD HARMLESS. In action to recover damages for assault and battery, cross examination of defendant as to value of lands and bank stock owned by him, if error, *held* harmless, where he answered he did not know, and refused to estimate amount.

2. APPEAL AND ERROR—EXCLUSION OF EVIDENCE OF PLAINTIFF'S REPUTATION AS BEING QUARRELSOME, IF ERROR, HELD HARMLESS. There being in an action to recover damages for assault and battery, no dispute as to which of the parties was the agressor, exclusion of evidence of plaintiff's reputation as being a quarrelsome and fighting man, if error, *held* harmless.

3. WITNESSES—FACT OF BIAS OR HOSTILITY ALONE, AND NOT GROUNDS THEREOF, ARE MATERIAL. Where witness for defendant in action to recover damages for assault and battery, had testified on cross-examination that he had had trouble with plaintiff, objection to testimony on redirect examination of nature of trouble was properly sustained; the fact of bias or hostility alone, and not the grounds of it, being material.

---

Headnote 1.   4 C. J. p. 969.
Headnote 2.   4 C. J. p. 1013.
Headnote 3.   40 Cyc. p. 2685.

Appeal from District Court, Second District, Weber County; *George S. Barker*, Judge.

Action by F. P. Thomas against John K. Spiers. From a judgment for plaintiff, defendant appeals.

AFFIRMED.

*Pratt & Pratt*, of Ogden, for appellant.

*King & Schulder*, of Salt Lake City, for respondent.

CHERRY, J.

This is a civil action to recover damages for an assault and battery. From a judgment for the plaintiff, the defendant has appealed.

The plaintiff resided at Ogden, Utah. It was his business to travel through the country in an auto truck and buy cattle and other live stock, which he conveyed in his truck to market and sold. The defendant had a farm or ranch in Wellsville Canyon, Cache county, adjoining the public road. The plaintiff and defendant were strangers to each other. On the occasion in question, June 25, 1922, the plaintiff was on his way from Logan to Ogden, in his truck, when his truck became stalled on a hill in the road near defendant's ranch. He left his truck and went to defendant's ranch house for help. Finding no person at or around the house, he took a log chain from the premises, to use in getting his truck started. On his way back to his truck, he met two young men, of whom he inquired if they resided at the ranch house. They replied that they did not. He thereupon told them that he had taken the chain to help get his truck started, and would leave it at the ranch on his way back. The two young men then went to defendant's ranch, and found the defendant repairing a fence. They told defendant that a fellow who was stalled down the canyon had taken the chain from the ranch, and said he would return it on his way back. The defendant and the two young men then went to the ranch house by the road and awaited the coming of the plaintiff. In a few minutes he appeared, driving his

truck. At this point there is a dispute in the evidence. The plaintiff testified:

That he drove up to a point opposite where he took the chain from defendant's premises, and stopped, intending to return the chain. That while he was sitting on the driver's seat, on the left side of the truck, the defendant stepped into the truck from the right side, and said: "You got my chain? Who told you to take my chain?" The plaintiff replied that he had borrowed the chain and was taking it back to where he got it. That he did not attempt to strike the defendant. The defendant then grabbed him by the throat with one hand, and struck him on the mouth with the other. The chain was lying on the floor, and on the right side of the truck.

The defendant's version was that the plaintiff drove past the premises and was in the act of stealing and carrying away the chain, when the defendant ran after him and commanded him to stop.

The defendant testified:

"He never stopped until I got right up on the running board, ready to stick my head right in. I said: 'What are you stealing my chain for, you dirty thief?' He was sitting at the wheel, and he struck me with his left hand. I throwed up this hand to guard it off; seen it coming. I throwed myself back, and he just struck that arm. I grabbed him by the throat and hit him. I hit him in the face somewhere. I don't know where I hit him. The defendant said he was excited and angry, and believed it was necessary to hit the plaintiff, and that he thought plaintiff was going to steal the chain. That the plaintiff was hollering all the time; said he would quit; he wouldn't do it again. I picked up the chain and walked off."

The plaintiff had several teeth knocked out by the blow and suffered quite severe injuries. He brought the action to recover general, special and exemplary damages. The special damages claimed were on account of the alleged loss of $732 in currency out of his pocket, by reason of and during the encounter, and $500 for loss of time and expenses incurred and paid for treating his injuries. The answer alleged:

"The defendant accosted the plaintiff for stealing a certain log chain, which the plaintiff was then and there taking, stealing, and carrying away, and the plaintiff thereupon struck the defendant, and the defendant in self-defense struck the plaintiff, and

seized him by the throat, and took away said log chain from the possession of the plaintiff."

The verdict was for $1,200 general damages, $300 special damages, and no punitive damages. Judgment was entered for the plaintiff accordingly, from which this appeal is taken. The errors assigned and relied upon by defendant for a reversal of the judgment relate to the admission and exclusion of evidence and to the charge of the court to the jury.

The defendant testified as a witness in his own behalf. On cross-examination he testified, without objection, that he was engaged in farming, ranching, and live stock business, and had some interest in the banking business. When asked how many acres of land he owned, he answered, after the objection of his counsel had been overruled and an exception taken, that he did not know, and refused to estimate the amount. He later was asked, "how much bank stock do you own?" and answered, "I don't know." Complaint is now made that evidence of defendant's actual financial standing was thus permitted to go to the jury, when the law permits proof only of reputed wealth. Whatever may be the legal limitations upon the admission of this class of evidence, the testimony complained of was negative, and insufficient to form the basis of error, especially since no exemplary damages were found against the defendant.

A witness for defendant was asked for the general reputation of plaintiff as to being a quarrelsome and fighting man. The objection of plaintiff's counsel to the question was sustained by the court, and an exception taken. This is claimed to be error. Appellant relies upon the rule that in civil actions for assault and battery, where the assault is justified on the ground of self-defense, it is competent to prove the reputation of plaintiff as being quarrelsome and violent. Respondent's counsel contend that knowledge by the defendant at the time of the assault of such reputation or disposition is prerequisite to the admissibility of such proof, and cite the following: 5 C. J. 681; 2 R. C. L. 567, 568; McQuiggan v. Ladd, 79 Vt. 90, 64 A. 503, 14 L. R. A. (N. S.) 689; McCormick v. Schtrenck, 59 Tex. Civ. App. 139, 130 S. W. 720.

In this case the fact appeared that the defendant did not know. the plaintiff, and had never seen him before the time of the assault in question. He therefore did not know his reputation or disposition at that time.

It is not necessary in this case to decide whether or not it is an invariable rule that proof of knowledge by defendant of such reputation must precede the proof of the reputation, because the facts of this case are such that the error complained of would be harmless and immaterial in either case. The purpose of such evidence is to aid in the determination of which one of the parties to an encounter was the aggressor, when the fact is in dispute. Here there was no genuine dispute on that question. The defendant's own version of the transaction made it clear that he was the aggressor. There was therefore no harm in excluding proof of the plaintiff's reputation.

A witness for defendant testified that the reputation of plaintiff for truth and veracity was bad. On cross-examination he said he did not like the plaintiff, and had had trouble with him. On redirect he was asked to state the nature of the trouble. Objection was made to the question and sustained by the court. The defendant excepted to the ruling, and upon it assigns error. The ruling of the trial court was correct. The fact of bias or hostility alone is material; not the cause or grounds of it. This is fundamental.

The remaining assignments of error are hypercritical objections to the court's charge to the jury, wholly lacking in substance, and unsupported by the citation of any legal authority.

The court submitted the case to the jury by instructions which fully and carefully guarded every legal right of the defendant, and presented the defenses asserted by him in a light more favorable than he was entitled to expect, in view of the pleadings and evidence in the case. There is no merit to his appeal.

Judgment affirmed.

Appeal from First District

GIDEON, C. J., and THURMAN, FRICK, and STRAUP, JJ., concur.