## FARMERS' CASH UNION v. ELSWOOD.

No. 4392.   Decided July 29, 1926.   (248 P. 477.)

1. APPEAL AND ERROR. Supreme Court will determine its jurisdiction, though question involved was not raised below nor in brief or argument.

2. SET-OFF AND COUNTERCLAIM—CLAIM ARISING IN TORT, BUT NOT OUT OF TRANSACTION OF WHICH PLAINTIFF COMPLAINED, AND NOT CONNECTED WITH SUBJECT OF ACTION, HELD NOT A COUNTERCLAIM (COMP. LAWS 1917, § 6576). Counterclaim for conversion of wheat filed in action on note *held* not a counterclaim under Comp. Laws 1917, § 6576, providing that counterclaim must arise from transaction set forth in complaint, or be connected with subject of action, or from any other cause of action on contract existing at commencement of action.

3. APPEAL AND ERROR—COUNTERCLAIM FOR MORE THAN $100, ARISING IN TORT FILED IN CONTRACT ACTION COMMENCED IN CITY COURT, HELD NOT TO CONFER JURISDICTION ON SUPREME COURT ON APPEAL (COMP. LAWS 1917, AS AMENDED BY LAWS 1919, c. 34). Counterclaim for more than $100 arising in tort, but not out of transaction complained of, and not connected with subject of action filed in contract action, *held* not to confer jurisdiction on Supreme Court on appeal from district court, under Comp. Laws 1917, as amended in Laws 1919, c. 34, limiting jurisdiction in such cases to those wherein more than $100 is in controversy.

4. COURTS. Supreme Court dismissed appeal, where record failed to show whether action commenced in city court had been tried there and how district court acquired jurisdiction.[1]

Appeal from District Court, Third District, Salt Lake County; *Wm. S. Marks,* Judge.

Action by the Farmers' Cash Union against S. A. Elswood. Judgment for plaintiff and defendant appeals.

---

[1] *City* v. *Thomas,* 4 Utah, 485, 11 P. 667.

Corpus Juris-Cyc. References:
[1]   Appeal and Error 3 C. J. p. 372 n. 53.
[2]   Recoupment, etc. 34 Cyc. p. 709 n. 95.
[3]   Appeal and Error 3 C. J. p. 416 n. 81.
[4]   Courts 15 C. J. p. 1007 n. 91.

APPEAL DISMISSED.

*Ricy H. Jones,* of Brigham City, for appellant.

*Holmgren, Anderson & Russell,* of Salt Lake City, for respondent.

THURMAN, J.

This is an action to recover judgment on a title retaining note made by defendant to plaintiff September 1, 1919, for the sum of $96, with interest at 10 per cent per annum, if paid at maturity, and 12 per cent thereafter, together with a reasonable sum for attorney's fees in case of suit for collection. The note purports to have been executed in payment of one 12-hoe farmer's favorite drill, and payments are indorsed on the note leaving a balance due of $35.93 at the date of the last payment, January 18, 1922. One of said payments so indorsed is for 6,917 pounds of wheat at 80 cents per bushel, less 15 cents per bushel for hauling, and less $22.40 interest. The balance for which plaintiff prays judgment is $35.93 and interest thereon, together with $20 attorney's fee and costs.

The action was commenced in the city court of Salt Lake City. Defendant filed an answer in the same court in which he denied he executed the note in any manner or form except as his signature was fraudulently obtained by duress and threats and without consideration. Defendant also filed three counterclaims aggregating the sum of $220.70, for which he prayed judgment, together with interest and costs. One of said counterclaims is for 6,917 pounds of wheat (115 bushels), which defendant alleges plaintiff unlawfully took, carried away, and converted to its own use to defendant's damage in the sum of $200.

What was done in the city court and what the judgment was, if any, in that court is not disclosed by the record. Whether the plaintiff had judgment and the defendant appealed, or the defendant had judgment and plaintiff appealed, is not made to appear. In short, it does not appear

that any appeal was ever taken by either plaintiff or defend-
ant from a judgment in the city court, or that any judgment
was ever rendered by that court from which an appeal could
be taken. Notwithstanding the omission of these essentials,
the record contains 218 pages of typewritten matter, a large
percentage of which is in single space.

On the threshold of our investigations we are confronted
with a motion to dismiss the appeal.

Respondent makes the point that an appeal from a judg-
ment of the district court to this court is not allowed, where
the case arose in a city court, unless the amount in con-
troversy exceeds the sum of $100, citing Comp. Laws Utah
1917, as amended in chapter 34, Sess. Laws 1919, p. 63.
It is contended by respondent that the amount in contro-
versy in the instant case does not exceed the sum of $100.
The question is discussed from many angles. One conten-
tion is that in determining the jurisdictional amount each
counterclaim must be considered separately; that the aggre-
gate sum of all cannot be considered in determining the
amount, as each counterclaim is an independent cause of
action. No authorities are cited upon that proposition.
Another contention is that, notwithstanding the defendant
counterclaims for $200 damages on account of alleged con-
version of the wheat, still the evidence shows that the actual
market value of the wheat at the time was only 80 cents
per bushel, less 15 cents per bushel for hauling it to the
market; net value of the whole being $74.75. This added
to the remaining counterclaims, $20.70, aggregates only
$95.45, which is less than the jurisdictional amount. Appel-
lant, on the other hand, insists that the evidence showed a
higher value of the wheat than 80 cents per bushel, which,
together with interest to which defendant was entitled,
makes the amount in controversy in excess of $200.

The court is of opinion it is not necessary in this case to
attempt a solution of the question on the theories advanced
by the parties litigant. While it is the undoubted right of
either party to raise a jurisdictional question at any time,

it is likewise the duty of this court, on its own motion, to see that it does not transcend its jurisdiction in any matter pending before it.

As before stated, where the case arises in the city court, the statute limits the right of appeal to this court from a judgment of the district court to cases in which the amount in controversy exceeds the sum of $100.

There is in the instant case a somewhat unusual situation. The plaintiff sues in a city court upon an alleged contract to recover judgment for a certain sum of money. The defendant denies the contract, alleges duress, fraud, and want of consideration, and files certain counterclaims, among which is one for $200, for the wrongful conversion of wheat of which defendant was the owner. The case, in some way or another, reaches the district court in which plaintiff recovers judgment for the amount sued for, interest, attorneys' fees, and costs. Defendant appeals to this court, and, when the jurisdiction of the court is assailed on the grounds that the amount in controversy does not exceed the sum of $100, defendant is forced to rely upon a claim for damages which he alleges he sustained by plaintiff wrongfully taking, carrying away, and converting to its own use, certain wheat belonging to the defendant. In other words, defendant, while repudiating plaintiff's claim, which purports to be a claim arising on contract, seeks under the guise of a so-called counterclaim to recover damages for a claim arising in tort, and that too where the alleged claim does not arise out of the transaction of which plaintiff complains, and is not connected with the subject of the action. The question is, Can defendant do that, and use it as a means of conferring jurisdiction upon this court—a jurisdiction which otherwise it would not have? Comp. Laws Utah 1917, § 6576, reads:

"The counterclaim mentioned in the next preceding section must be one existing in favor of a defendant and against a plaintiff between whom a several judgment might be had in the action, and arising out of one of the following causes of action:

"1. A cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action:

"2. In an action arising upon contract, any other cause of action arising also upon contract, and existing at the commencement of the action."

3 C. J. 419, discussing this question, says:

"When the answer does not properly set up the counterclaim, or where it clearly appears that a demurrer to the counterclaim was properly sustained, or that the set off was a mere specious pretense, or is improperly filed in the particular action, and in other like cases, the amount of such counterclaim will not be considered in determining appellate jurisdiction."

Some of the cases cited in the note to the above quotation bear strong analogy to the case at bar.

In Miller v. Black, 56 Tex. Cr. App. 320, 120 S. W. 559, in concluding its opinion, the court says:

"The county court correctly held that the claim of $75 actual damages and $100 exemplary damages for the assault could not be offset against plaintiff's claim for the corn alleged to have been converted by appellant. The suit was based on a certain demand, a contract, and defendant could not offset the same by a claim for unliquidated damages founded upon a tort. *Sayles' Ann. Civ. St.* 1897, art. 754; *Hart* v. *Davis*, 21 Tex. 411; *Duncan* v. *Magette*, 25 Tex. 245. This leaves the amount in controversy less than $100, and, the case having originated in the justice's court, this court is without jurisdiction of the cause. Rev. St. 1895, art. 996."

It is no answer to this rule to say that this question was not raised by respondent in the court below, nor in its brief or argument here.

In Little v. Reid, 141 Mo. 242, 42 S. W. 674, the court in its opinion says:

"The only question we shall touch at this time is whether or not this court has jurisdiction of this appeal. Counsel appear entirely willing to have the merits considered here. But it is part of our duty

to observe the limitations on our authority, and hence to examine into the question just stated."

See, also, cases cited in Vol. 1, Second Decennial Digest, at page 860.

The court is of opinion that appellant's counterclaim for damages on account of the alleged conversion of the wheat was not a counterclaim within the provisions of the statute we have quoted; and, notwithstanding it was 2, 3 considered as a counterclaim in the court below and passed upon as such, it is our duty to reject it here, in so far as it is used for the purpose of conferring jurisdiction on the court. It is not difficult to see if jurisdiction can be conferred in this manner it will be an enlargement of jurisdiction contrary to the spirit and meaning of the statute, and entirely beyond its contemplation.

But, if a former decision of this court states the rule correctly, there is an additional reason why the motion to dismiss the appeal should be sustained. We have heretofore referred to the fact that there is nothing in 4 the record to show that the case was ever tried in the justice's court. It appears that a complaint, answer, and reply were filed in that court, but that is all. It does not appear that any trial was had, any judgment rendered, or any appeal taken therefrom to the district court. There is nothing whatever to show how the district court acquired jurisdiction, for it does not even appear that the complaint, answer, and reply were filed in the district court. The filing of the city clerk is indorsed thereon, and that is all. Such omissions as these, in City v. Thomas, 4 Utah, 485, 11 P. 667, were held fatal to the appeal and the appeal dismissed on the court's own motion. The question was not raised by counsel either in the district court or here. The court in that case not only dismissed the appeal for the very reason appearing in the instant case, but refused to grant a rehearing, even when it was made to appear that the omission was inadvertent and the record showing jurisdiction could be supplied.

Appeal from Seventh District

In Brown on Jurisdiction (2d Ed.) p. 110, the author says:

*"Appellate Jurisdiction not Conferred by Consent.* In determining appellate jurisdiction there must have been a hearing of the issue in the court of original jurisdiction, and a determination of the rights of the parties, in order to give the appellate court cognizance of the case; hence two things must occur—a determination of the controversy in the court below, and an appeal to the superior court, and consent will not confer jurisdiction, when the law does not, for the power granted the appellate court is purely appellate."

In the note to which the text refers it is said:

"The question as to whether an appeal has been taken is jurisdictional, and the court will not consider the case unless the taking of the appeal is shown by the record, even though the question is not made by counsel."

For the reasons stated, the appeal is dismissed, at appellant's cost.

GIDEON, J., and FRICK, CHERRY, and STRAUP, JJ., concur.