**GAY v. PENNINGTON.**

No. 10011.

Court of Civil Appeals of Texas. San Antonio.

May 12, 1937.

Davenport & Ransome, of Brownsville, for appellant.

N. G. Cofer, of Brownsville, for appellee.

SLATTON, Justice.

W. R. Pennington, as next friend of his minor daughter, Mary Melva Pennington, sued Minnie B. Gay and her husband, D. P. Gay, Jr., for an alleged assault and battery committed upon the minor daughter by Minnie B. Gay.

A trial to a jury on special issues resulted in the entry of a judgment in favor of appellee and against appellant for the sum of $25 actual damages, and $450 exemplary damages. Hence this appeal.

Briefly stated, the facts are that on or about the 21st day of October, 1934, appellant was residing in her home in Brownsville, with her husband, D. P. Gay, Jr., who was ill. Appellant had rented a portion of her home, as an apartment, to Cora C. Butts who had a daughter of about eleven years of age. On Sunday afternoon the Pennington girl was visiting the daughter of Mrs. Butts; they were alone in the apartment and were making some noise; the appellant procured a switch, entered the Butts apartment, struck the Pennington girl three times on the legs and once on the back, as she ran from the house. It was in evidence that the Pennington girl had been advised not to come to see the Butts girl on account of disturbing Mr. Gay, who was ill.

Appellant's first complaint is the submission to the jury of the question of exemplary damages, over her timely objection claiming that there was no evidence sufficient to support such issue.

The evidence shows, without dispute, that the entry of appellant into the Butts apartment was without permission. The evidence further shows, without dispute, that the assault and battery was illegal. Under this state of the record, it was not error for the trial court to submit to the jury the issue of exemplary damages. Shook v. Peters, 59 Tex. 393.

By subsequent proposition, appellant challenges the verdict of the jury in regard to exemplary damages as being excessive in amount in comparison with the actual damages assessed by the jury, and cites the case of Loftus v. Ray (Tex.Civ.App.) 46 S.W.(2d) 1034, and cases cited therein.

While we are of the opinion that the evidence in this cause raised the issue of malice and justified the court in the submission of exemplary damages to the jury, we seriously doubt whether the facts in evidence, viewed in the most favorable light to appellee, justified the jury in the assessment of

**376**

exemplary damages of eighteen to one as to the actual damages assessed.

We have read the authorities of the Courts of Civil Appeals and the Supreme Court of this state, with the thought of ascertaining the rule with reference to such questions, and find that the adjudicated cases are of little guide. We are of the opinion, from the record in this case, that the exemplary damages assessed are excessive to the extent of $250. Loftus v. Ray, supra.

It follows, therefore, that the judgment in this case will be affirmed, if, within ten days, the appellee will file a remittitur for the sum of $250, with interest thereon from the date of the judgment entered by the trial court; and if such remittitur be not filed, the judgment will be reversed and the cause remanded for another trial.