## J. P. MILLER v. C. C. BLACK.

### Decided June 5, 1909.

**1.—Counterclaim—Unliquidated Damages.**

Where suit was by the tenant for the value of a part of his share of the crop under the rental contract converted by the landlord and for exemplary damages for malicious conversion, the suit was based on a certain demand, a contract, and the landlord could not plead as offset a claim for actual and exemplary damages for an assault made upon him by the tenant in an altercation over the conversion.

**2.—Appeal—Jurisdiction of Court of Civil Appeals—Amount in Controversy.**

Where the suit originated in a Justice Court, and on appeal to the County Court, a counterclaim for unliquidated damages was properly stricken out, leaving the amount in controversy less than one hundred dollars, the Court of Civil Appeals had no jurisdiction on appeal.

Appeal from the County Court of Delta County. Tried below before Hon. J. L. Ratliff.

*J. L. Young,* for appellant.

*Aubrey T. Stell,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—The appellee, C. C. Black, rented 55 acres of land from the appellant, J. P. Miller, for the year 1907, which was planted in corn and cotton, one-third of which, under the contract, appellant was to receive as rent. Appellee was to gather

the crops and put the rent corn in appellant's barn. Appellee, on January 1, 1908, on which day he moved from the premises, had not gathered all the corn owing to the wet season, but told appellant he would gather it as soon as he could get time, and told him that if he could not wait that he could gather the part due him as rent himself. On January 8th, while appellee was gathering the corn, appellant entered the field with horses and wagon to gather the rent corn. Appellee had divided the corn by gathering ten rows for himself and leaving five for appellant. Appellee had pulled his part of the corn and thrown it in heaps to haul away. While he was at dinner appellant continued to gather the rent corn from the rows left by appellee, but concluding the appellee had gathered the best corn for himself, he loaded and hauled away some of the heaps of corn pulled by appellee. When appellee discovered this fact he protested to appellant, who ordered appellee from the field. Appellee refused to go and the controversy continued, resulting in appellee assaulting appellant.

This suit was instituted by appellee in the Justice Court to recover of appellant the value of the corn and cotton converted, alleged to be of the value of $37, and for $25 exemplary damages for converting the same, claiming that appellant converted it wilfully and maliciously. Appellant filed an answer in writing, excepting to the claim for exemplary damages, and also filed a counterclaim for $10 balance due on rents, $12 for cost of gathering and cribbing the rent corn, $75 for actual damages for the assault, and $100 for exemplary damages for same, alleging that the assault was at the time of and in connection with the alleged conversion. Appellee obtained judgment in the Justice Court for $25, and appellant appealed the case to the County Court, and there appellee filed a supplemental petition, and specially excepted to the two items of damages for the assault, on the ground that it was an attempt to offset a claim for liquidated damages by uncertain and unliquidated damages. The court sustained these exceptions and struck out the plea for those damages, and overruled appellant's exception to appellee's claim for exemplary damages. The trial in the County Court, before a jury, resulted in a verdict for $25 for corn, $2.46 for cotton, and $25 for exemplary damages. Appellant duly filed his motion for new trial, and when that was overruled perfected his appeal to this court.

*Opinion.*—The County Court correctly held that the claim of $75 actual damages and $100 exemplary damages for the assault could not be offset against plaintiff's claim for the corn alleged to have been converted by appellant. The suit was based on a certain demand, a contract, and defendant could not offset the same by a claim for unliquidated damages founded upon a tort. Sayles' Civ. Stats., art. 754; Hart v. Davis, 21 Texas, 411; Duncan v. Magette, 25 Texas, 245.

This leaves the amount in controversy less than $100, and the case having originated in the Justice's Court, this court is without jurisdiction of the cause. Rev. Stats., art. 996. It follows that the appeal must be dismissed.

                                                        *Dismissed.*