## MOSS v. BROSS. (No. 6265.)

(Court of Civil Appeals of Texas. Austin. April 14, 1920.)

1. **Statutes** ⊂⟹235 — **Exceptions to general statute strictly construed.**

Statutes which constitute exceptions to general statutes are to be strictly construed.

2. **Justices of the peace** ⊂⟹141(4)—**Act providing appeal from order denying change of venue subordinate to act fixing appealable amount.**

Rev. St. 1911, art. 1903, as amended by Acts 1917, c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), making verified plea of privilege prima facie proof of defendant's right to change of venue, and providing procedure for contesting plea and that either party may appeal from a sustaining or overruling judgment, is subordinate to and must be construed in harmony with Rev. St. 1911, art. 2391, which limits appeals from justice court to county court to cases where the controversy exceeds $20.

3. **Appeal and error** ⊂⟹45—**Statute granting appeal from judgment on plea of privilege subordinate to general statute making appeal dependent on amount.**

Rev. St. 1911, art. 1903, as amended by Acts 1917, c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), making verified plea of privilege prima facie proof of defendant's right to change of venue, and providing procedure for contesting plea and that either party may appeal from a judgment thereon, is subordinate to and must be construed in harmony with Rev. St. 1911, art. 2078, limiting appeals from county court to Court of Civil Appeals to cases involving more than $100, exclusive of interest and costs.

4. **Evidence** ⊂⟹29—**Purposes of statute governing appeal from ruling on plea of privilege judicially noticed.**

The Court of Civil Appeals will take judicial notice that Rev. St. 1911, art. 1903, as amended by Acts 1917, c. 176 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), has for its two primary purposes, the enabling of a party pleading privilege to be sued in county of his residence to negative, by general averment, the existence of any exceptions to the general venue statute, and the providing of right of appeal directly upon a judgment sustaining or overruling the plea without awaiting trial on merits.

Appeal from San Saba County Court; W. V. Dean, Judge.

Suit by S. J. Bross against M. M. Moss before a justice of the peace, who overruled defendant's plea of privilege, which was again overruled upon appeal to the county court, and the defendant appeals. Appeal dismissed.

J. H. McLean, of Llano, for appellant.
E. G. Hillman, of Cherokee, and Rector & Rector, of San Saba, for appellee.

---

⊂⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

BRADY, J. Appellee has filed a motion to dismiss the appeal in this case upon these, among other, grounds:

(a) Appellant was sued in the justice's court of San Saba county, together with two other defendants who resided in San Saba county, and appellant filed his sworn plea of privilege to be sued in Llano county, where he resided. This plea was controverted by the plaintiff, S. J. Bross, who is appellee on this appeal, and the plea of privilege was overruled by the justice of the peace, and upon appeal to the county court was again overruled, from which judgment the appeal to this court was taken.

It is claimed that this court is without jurisdiction, because the county court did not have jurisdiction of the appeal in this case, the amount in controversy being less than $20, and that in such case the right of appeal to the county court does not lie either from an interlocutory or final judgment. The ground just stated raises the point that the county court acquired no jurisdiction of this case, and that any judgment rendered in that court on the plea of privilege was without jurisdiction and void, and could not be appealed from to this court.

(b) It is insisted that, even if the county court had jurisdiction on appeal to try the issue raised by the plea of privilege and the controverting affidavit, an appeal from that court would not lie to the Court of Civil Appeals, because the amount in controversy is less than $100.

It is claimed by appellant that this court has jurisdiction of the appeal, and that it should not be dismissed, because under chapter 176, Acts of 1917, p. 388 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903), article 1903, Revised Civil Statutes, has been so amended as that either party may appeal from a judgment sustaining or overruling a plea of privilege, regardless of the amount in controversy.

The only substantial changes effected by the act of 1917, in article 1903, Revised Statutes, were to provide what shall constitute a good plea; to make the verified plea of privilege prima facie proof of the defendant's right to change of venue; to provide the procedure for hearing a contest of such plea; and the following provision with reference to appeal:

"Either party may appeal from the judgment sustaining or overruling the plea of privilege, and if the judgment is one sustaining the plea of privilege and an appeal is taken, such appeal shall suspend the transfer of the venue and a trial of the cause pending the final determination of such appeal."

As to the question of the jurisdiction of the county court in this case, article 2391, Revised Statutes, provides that any party to a final judgment in the justice's court may appeal therefrom to the county court, where such judgment or the amount in controversy shall exceed $20, exclusive of costs, and in such other cases as may be expressly provided by law.

The jurisdiction of the Court of Civil Appeals, as it affects this case, is defined by article 2078, as follows:

"An appeal * * * may be taken to the Court of Civil Appeals * * * from every final judgment of the county court in civil cases of which the court has appellate jurisdiction, where the judgment or amount in controversy exceeds $100, exclusive of interest and costs."

It is, in effect, the claim of appellant that the act of 1917, relating to appeals from judgments upon plea of privilege, not only makes them final judgments for the purpose of appeal, but that an appeal may be prosecuted regardless of the amount in controversy.

[1] It is an established rule of construction that statutes which constitute exceptions to general statutes are to be strictly construed. Tyson v. Britton, 6 Tex. 222; Roberts v. Yarbro, 41 Tex. 449; Sutherland on Statutory Const. §§ 223, 224; Baumberger v. Allen, 101 Tex. 352, 107 S. W. 526.

[2-4] Articles 2391 and 2078, Revised Statutes, are general statutes, prescribing the appellate jurisdiction of the county courts and of the Courts of Civil Appeals, and the special statute of 1917, invoked by appellant, must be deemed an exception to such statutes. The appellate jurisdiction of such courts, under the general statutes, is determined by the judgment or amount in controversy, or otherwise in special cases prescribed by statute. The determination of the question presented depends upon the legislative intent, granting the constitutional power of the Legislature to confer appellate jurisdiction upon the county courts and Courts of Civil Appeals in cases originating in the justice court, where the amount in controversy is less than $20. It will be noted that the act of 1917, expressly providing for the right of appeal from judgments sustaining or overruling pleas of privilege, does not provide that this right is granted and may be exercised regardless of the amount in controversy. If it exists in such cases, irrespective of the amount in controversy or the amount of the judgment, it must result from implication, and not by express direction of the Legislature.

Bearing in mind that the special statute must be strictly construed, let us briefly consider the considerations which led to the enactment of this statute. It is a matter of common knowledge, of which this court will take judicial notice, that the act in question had two prime purposes: First, to enable a party pleading his privilege to be sued in the county of his residence to negative, by general averment, the existence of any of

the exceptions to the general venue statute, without having to specially negative each, as had formerly been the established rule; secondly, to provide the right of appeal directly upon a judgment sustaining or overruling the plea of privilege, without having to await the trial of the case on its merits. There is nothing in the caption or in the body of the act to indicate the legislative intention to disturb or to enlarge the existing general statutes regulating the appellate jurisdiction of the various courts. After careful consideration of the question, we have concluded that it was the intention of the Legislature to confer the right of appeal upon the issue of venue alone, but in subordination to and in harmony with the general statutes, making the appellate jurisdiction depend upon the amount of the judgment, or the amount in controversy.

If the Legislature had intended, by the act of 1917, to introduce the innovation of permitting appeals upon an interlocutory matter only to reach the county courts, and in turn the Courts of Civil Appeals, where the amount in controversy is less than $20, in the face of general statutes existing since the adoption of the Constitution, and when the main case could not be appealed because lacking in amount, we think it would have expressly declared that intention.

We have concluded that the county court did not have appellate jurisdiction of this cause, and for this reason the motion to dismiss the appeal should be sustained; and we also sustain the same upon the further ground that, even if the county court had appellate jurisdiction, this court has none.

We do not deem it necessary to decide the other questions presented by the motion, and no opinion thereon is expressed.

The appeal will be dismissed, at the cost of appellant.

Motion granted.

Appeal dismissed.