**COATS v. WILLIAMS et al. (No. 2401.)**

(Court of Civil Appeals of Texas. Texarkana. March 29, 1921. Rehearing Denied April 21, 1921.)

Venue ⬤⟳15—Defendant in cross-action distinct from issues in main action held entitled to trial in county of his residence.

Where a purchaser of an automobile from a firm was sued for the balance of the purchase price and counterclaimed for damages to the car against the distributor who had attempted to repair it under a claim of warranty, and the distributor filed a plea of privilege to be sued in the county of his residence, *held*, that the cause of action on the counterclaim was peculiarly in favor of defendant and distinct from the controversy in the main suit, which was with the selling firm and was in personam, the distributor was entitled to trial in the county of his residence in view of Rev. St. art. 1830.

Hodges, J., dissenting in part.

Appeal from Hunt County Court; A. J. Gates, Judge.

Action by Dave Steel against J. D. Williams, W. B. Coats, and others, with counterclaim by defendant Coats and cross-action by defendant Williams against defendant Coats. Judgment against defendant Williams for foreclosure and in favor of defendant Williams on his cross-action against defendant Coats, and defendant Coats appeals. Judgment against defendant Coats reversed and remanded, and judgment against defendant Williams affirmed.

J. D. Williams, appellee, purchased of Lewis & Steel, a firm, an automobile, paying therefor part cash and the balance in two notes. The notes were secured by a chattel mortgage on the automobile. Dave Steel, appellee, a member of the firm, became sole owner of the notes, and in default of payment sued J. D. Williams to recover the amount due and to foreclose the chattel mortgage lien on the automobile.

J. D. Williams answered by general denial and (1) specially pleaded in avoidance that the consideration for which the notes were given had wholly failed, and (2) specially pleaded as an offset the damages alleged to have been sustained by reason of the breach of an oral warranty of sale made by "plaintiff and his partner W. F. Lewis" and "by the plaintiff and defendants Moon Auto Company and W. B. Coats," and (3) specially pleaded as a counterclaim against the plaintiff the damages to the automobile alleged to have been sustained through being "illused" and "scarred and scratched" and "damage to the tires and body and seat and fender" "while in the possession and intrusted to the care of plaintiff and W. B. Coats and the Moon Auto Company to make proper repairs." The defendant J. D. Williams also by cross-action sought a recovery against W. B. Coats, doing business under the trade-name of the Moon Auto Company, "in the sum of $400 for repairs and loss of use of said car, and the damage done to said car while in the possession of the plaintiff in making repairs." W. B. Coats, appellant, first filed a plea of privilege in proper form to be sued in his alleged residence of Dallas county. The defendant filed a controvert-

ing affidavit. It was agreed that the plea of privilege should, without waiver of it, be heard with the other issues of the case. W. B. Coats then, subject to the plea, filed an answer. The plaintiff filed a supplemental petition to the answer of the defendant and of W. B. Coats.

The case was tried before the court, and the plea of privilege was overruled, and judgment was entered in favor of plaintiff against J. D. Williams for the amount sued for and the foreclosure of the mortgage lien, and in favor of defendant Williams upon his cross-action for the sum of $400 damages against W. B. Coats. W. B. Coats appeals.

It appears from the evidence that appellant, under the trade-name of Moon Auto Company, sold a number of automobiles to Lewis & Steel on July 14, 1918. Lewis & Steel purchased the cars and paid for them, and no other person had any interest therein. Appellant at the time of the sale of the automobiles to Lewis & Steel was agent for the Moon Motor Auto Company, a corporation, of St. Louis, which company gave to Lewis & Steel a written guaranty of durability for 90 days of their automobiles. The suit, though, was not based on this written warranty; and the court, on objection, excluded it from the record. Lewis & Steel sold one of the cars on August 19, 1918, to defendant Williams, partly for cash and the balance in notes, retaining a chattel mortgage on the automobile to secure payment of the notes. According to the evidence in behalf of J. D. Williams, the defendants Lewis & Steel, acting through Mr. Lewis, orally guaranteed the automobile at the time of its sale to defendant to be free of defects and of first-class workmanship and materials, and that they would make good repairs for 12 months. There is also some evidence tending to show that Mr. Berry, representing appellant, was present during the negotiations and at the time of the sale to defendant. The words of the witness are:

"Mr. Berry was present and heard the offer of guaranty by Lewis & Steel that they would keep the car in repair one year unless I broke something, and he (Berry) told me the same as Mr. Lewis, about buying the car. He told me he was representative of the car company, same as Mr. Lewis."

The evidence in behalf of appellant presents a different state of facts. There is evidence that Mr. Berry was an employee of appellant and was authorized to negotiate a sale of an automobile for him, but there is no evidence that Berry was authorized to make guaranties or to bind appellant as surety on sales made by Lewis & Steel. Appellant was not a party to the sale of the automobile to defendant Williams, and had no interest in the sale except to aid Lewis & Steel in making sale of automobiles manufactured by Moon Motor Auto Company of Missouri. Lewis & Steel were owners of the automobile and were receiving the entire consideration and benefit of the sale to defendant. There is evidence in behalf of defendant to show injury to the automobile while in the possession of appellant in Dallas while it was undergoing repairs. It appears that shortly after the sale repairs were required on the automobile, due to defects, and the cost thereof was paid by defendant. In order to have the repairs made Mr. Lewis took the automobile to Dallas, and appellant caused the defects to be repaired, and the automobile stayed there in the shop for about six weeks, and was then returned to defendant. The appellant testified:

"I undertook to make the repairs that were claimed to be needed at that time for the guarantors—that is, for the Moon Motor Auto Company."

Whether or not injuries were upon the car while undergoing repairs was a disputed issue. And it was a disputed issue of fact as to who was responsible for the injuries, if any were upon the automobile and its parts, as claimed by defendant Williams.

Short & Feild, of Dallas, for appellant.
T. D. Starnes, of Greenville, for appellees.

LEVY, J. (after stating the facts as above). Appellant insists that the court erred, in view of the pleading and evidence, in not sustaining his plea of privilege to be sued in the county of his residence. We think the contention should be sustained. The court rendered judgment on the evidence for the plaintiff against the defendant Williams for the amount of the notes sued upon and foreclosure of the mortgage lien. This judgment involves the findings of fact by the trial court that there was not, as pleaded by the defendant Williams, either (1) a failure of the consideration for which the notes were given, or (2) a warranty on the part of "the plaintiff and his partner W. F. Lewis," or a warranty on the part of "the plaintiff and the defendant Moon Auto Company and W. B. Coats," or, if made, there was any breach of it, or (3) any damage to the automobile itself inflicted by plaintiff, or "plaintiff and the said W. B. Coats and Moon Auto Company" acting jointly, "while the said car was in the possession of plaintiff in making repairs" at Dallas. Without such findings of fact the judgment as rendered for the plaintiff could not have been rendered. For such findings of fact against the defendant legally operated to deny defendant, as claimed by him, (1) a cancellation of the notes for failure of consideration, and (2) an offset against the notes to the amount of money expended in repairing the automobile occasioned by the breach of warranty, and (3) a counterclaim against the plaintiff of damages sustained by ill-use and injury inflicted by him to the automobile "in making repairs" on it. If, then, as found by the court, there was no warranty, as

pleaded, on the part of "the plaintiff and his partner, W. F. Lewis," or "the plaintiff and the defendants Moon Auto Company and W. B. Coats," or, if so, there was no breach thereof, then neither the plaintiff nor the appellant could be held liable therefor, and further, if, as found by the court, the plaintiff himself, or "plaintiff and the said W. B. Coats and Moon Auto Company," acting jointly, did not ill-use or inflict injury to the automobile "in making repairs" on it, then there remained in the pleadings and evidence the only further issue of whether or not appellant himself ill-used and inflicted injury to the automobile "in making repairs" on it. This was a cause of action, if proven, peculiarly in favor of the defendant against appellant and entirely distinct from the controversy in the main suit, and for which appellant alone could be sued; and he was entitled to have such cause of action, being one in personam, tried in the court of his residence. Article 1830, R. S. Therefore the court, upon arriving at the above findings of fact, should have sustained the plea of privilege as to this cause of action against the appellant.

The answer and cross-action, properly construed, seek to hold appellant liable not only on a warranty, but also for damages occasioned to the automobile while making repairs on it at Dallas. The evidence wholly fails, we think, to make appellant liable on a warranty, even if one had been established, as made by Mr. Berry, because the agent, Berry, did not have authority to bind appellant in a warranty or suretyship on a sale to which the appellant was not a party. And we think the judgment as rendered by the court against the appellant was based on the conclusion that he was guilty of negligence causing injury to the automobile.

The judgment, so far as it is against appellant, is reversed, and the cause against appellant for damages for negligence is remanded, with instructions to sustain the plea of privilege. The cost of appeal is taxed against the appellee J. D. Williams. The judgment in favor of plaintiff against the defendant J. D. Williams is in all things affirmed.

HODGES, J., thinks the cause of action against appellant should be dismissed by the trial court instead of being ordered transferred to Dallas county.