## ARRINGTON v. PEOPLE'S SUPPLY CO.
### No. 990.

Court of Civil Appeals of Texas. Eastland.
June 24, 1932.

Rehearing Denied Sept. 16, 1932.

Smith & Smith, of Anson, for appellant.
J. F. Lindsey, of Anson, for appellee.

LESLIE, J.

The People's Supply Company, a corporation, filed this suit in the justice court of precinct No. 1, Jones county, Tex., against J. W. Bockman, alleged to reside in that county, and J. E. Arrington, alleged to reside in Angelina county. The suit was for $15.97. This appeal is from an order of the county court overruling a plea of privilege filed by J. E. Arrington to be sued in precinct No. 1, Angelina county, Tex. The plea was in due form, presented in both the justice and county courts of Jones county. In each of said courts a controverting plea was filed, by which venue of the suit was sought to be retained in Jones county under exception 4 to the general venue statute, which provides that, "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides" The plea of privilege was overruled in each court, and Arrington prosecutes this appeal.

It appears that the case was not tried in either court on its merits. We are simply asked to revise the judgment of the court entered in response to the issues presented by the controverting affidavit to the plea of privilege and the testimony relative thereto.

As the case proceeded from the justice court to the county court, and thence to this court, no jurisdictional question seems to have been raised. The appellant challenges the judgment of the trial court on the alleged insufficiency of the controverting affidavit to allege the "fact or facts" which would in law confer the venue of the cause on the respective courts in Jones county. From an examination of the pleadings the contention would seem to be correct, but that fact, if it be such, is of no importance in the disposition of this appeal, since the controlling question on the face of this record is a jurisdictional one rendering the judgment of the county court void and nonappealable to this court. It will be observed that the amount involved permitted of no appeal to the county court. Article 2454, R. S. 1925. The same is true in regard to the appeal to this court. Article 2249, R. S., 1925.

While the language of the statute granting appeals in pleas of privilege (article 2008, R. S. 1925) is general, and to the effect that "either party may appeal from the judgment sustaining or over-ruling the plea of privilege," nevertheless it has been held that it was the intention of the Legislature, in enacting the plea of privilege statutes, to confer the right of appeal in such cases in subordination to and in harmony with the general statutes which make the appellate jurisdiction depend upon the amount in controversy. Moss v. Bross, 221 S. W. 343.

The opinion in that case is by the Austin Court of Civil Appeals. It expresses our views on the questions discussed and is believed to

be exactly in point here. As noted, there are at least two jurisdictional obstacles to this court's reviewing the record and judgment of the trial court: (1) The county court had no appellate jurisdiction of the case, the amount in controversy not exceeding $20 (article 2454, supra); and (2) if it had such, this court has none, the amount in controversy not exceeding $100 (article 2249, supra).

For each and both reasons, and upon the above authority and statutes cited, the appeal is dismissed at the cost of the appellant. It is so ordered.