## UNIVERSAL CREDIT CO. v. CUNNINGHAM.

### No. 13583.

Court ·of Civil Appeals of Texas. Fort Worth.

July 2, 1937.

Rehearing Denied Sept. 10, 1937.

S. L. Lewis, of Dallas, for appellant. Jimmie Cunningham, of Graham, pro se.

DUNKLIN, Chief Justice.

On October 22, 1935, Jimmie Cunningham, as assignee of H. R. Caudle, recovered judgment against the Universal Credit Company in the county court of Young county, for the sum of $94 as usurious interest paid the defendant on a promissory note given for a Ford automobile. That suit bore the number 2122 on the county court docket. The case reached the county court on appeal from the justice court, where it was originally instituted.

The defendant filed in the county court a petition for writ of error, together with a supersedeas bond, to bring the case to this court for review of that judgment, but abandoned any attempt to prosecute the writ of error by failing to file the record in this court, and on motion of appellee the writ of error was by this court dismissed. The judgment in that case, therefore, became final.

The plaintiff, Jimmie Cunningham, filed in the county court of Young county an application against the Universal Credit Company for a writ of injunction to restrain that company from instituting or prosecuting proceedings in any other court, especially the county court of Dallas county, which would interfere with the enforcement of the judgment plaintiff had theretofore recovered against the Universal Credit Company in said cause No. 2122. The application for injunction was docketed in the county court of Young county as No. 2122A and was filed on June 28, 1936.

In addition to the injunctive relief prayed for, plaintiff also, in a separate count, prayed for an order requiring the defendant to make a disclosure of its assets sufficient to satisfy the judgment.

Defendant filed its plea of privilege to be sued in Dallas county, the county of its residence, and subject to that plea also addressed numerous exceptions to plaintiff's petition, including a challenge of the jurisdiction of the court to grant the relief prayed for.

On August 17, 1936, there was a hearing of the application. Defendant's plea of privilege and all exceptions and demurrers urged by the defendant were overruled and judgment was rendered, granting plaintiff the injunctive relief prayed for. From that judgment the defendant has prosecuted this appeal.

The application for the writ of injunction was not a separate and independent suit from that adjudicated in cause No. 2122, but was ancillary and in aid of the enforcement of the judgment there rendered. Therefore, the amount in controversy in the application ·for the injunction was the same as in that suit, to wit, $94. 24 Tex. Jur. p. 169, § 124.

Likewise, the amount in controversy in defendant's plea of privilege, to be sued in Dallas county for the injunctive relief sought, was the amount in controversy in cause No. 2122. Arrington v. People's Supply Co. (Tex.Civ.App.) 52 S.W.(2d) 678; Moss v. Bross (Tex.Civ.App.) 221 S.W. 343.

It follows, therefore, that appellee's motion to dismiss the appeal in this case for lack of jurisdiction of this court to determine the merits of the assignments presented by appellant must be sustained, and it is so ordered.