SOUTHERN MEDICAL & HOSPITAL SERVICE v. BUIE–ALLEN HOSPITAL et al.

No. 2739.

Court of Civil Appeals of Texas. Waco.

Oct. 2, 1947.

Rehearing Denied Oct. 23, 1947.

Tom H, Kee, of Waco, for appellant.

William T. Curry, of Marlin, for appellee.

TIREY, Justice.

This is a plea of privilege (non-jury) case. Plaintiffs brought this suit in the Justice Court of Falls County against the defendant to recover hospital fees in the amount of $75.00 and the further sum of $95.00, which included the use of the operating room and surgical fees, on a group insurance policy issued and delivered by defendant to Ruby Lee Johnson. Pertinent to this discussion plaintiffs alleged that under the terms of the policy and the endorsements thereon defendant became obligated to pay the hospital bills and doctors' bills incurred to these plaintiffs by the said Ruby Lee Johnson under the terms of the policy, and that demand was made therefor by plaintiffs on defendant and that it had refused to pay. The defendant, a mutual assessment company, seasonably filed its plea of privilege in the Justice Court of Falls County to be sued in the Justice Court of McLennan County, the county of defendant's residence. This plea of privilege conformed to Rule 86, Texas Rules of Civil Procedure, and, in addition thereto, set out that defendant was entitled to have its plea sustained because of the fact that the venue had been previously adjudicated and the Justice Court of Falls County sustained the plea of privilege and transferred the cause to the Justice Court of McLennan County and there was no appeal from that order.

After this cause reached the Justice Court of McLennan County (it being the second time the same cause of action between the same parties had been transferred to said Justice Court), the defendant appeared and answered and filed a cross-action against the plaintiffs. We do not find any written pleading setting out the nature of the cross-action. The citation issued thereon, among other things, says: "Defendant sues in cross-action for the sum of $100.00, alleging said sum to be for damages by reason of malicious prosecution in refiling this case in Falls County, Texas, after that court had entered judgment transferring said case to McLennan County, Texas." The plaintiffs seasonably filed their plea of privilege to said cross-action, which conformed to Rule 86,

Texas Rules of Civil Procedure, and, in addition thereto, set out that said cross-action "is a distinct and separate cause of action, if it be a cause of action at all, from cross-defendants' original suit herein; that the principal suit herein is based upon an alleged breach of an insurance contract, and that said malicious prosecution complaint is based upon an alleged tort; that said cross-action is not based upon the same transaction that said original suit is based upon, and that the said cross-action must be proved, if it can be proved at all, by evidence altogether different from that involved in said main suit; that all this appears on the face of the pleadings; that no cause exists why said cross-action should not be severed from the principal suit herein and that it should be so severed." Plaintiffs prayed that the alleged cross-action be severed from their suit and the plea of privilege to said cross-action be sustained. The Justice Court in McLennan County overruled cross-defendants' plea of privilege and they appealed to the County Court of McLennan County. The decree entered by the County Court, among other things, provided: "and the court having considered cross-defendants' said plea of privilege and motion to sever and said cross-plaintiff's controverting plea, together with the evidence and argument of counsel, is of the opinion that said plea of privilege and motion to sever should be sustained." The decree then sustained the plea of privilege and severed the cross-plaintiff's cause of action from the main suit and transferred the cross-action to the Justice Court of Falls County. Cross-plaintiff has appealed from this order.

Appellees, before the cause was argued, filed their motion to dismiss the appeal substantially on the ground that since the asserted cross-action of appellant does not exceed $100.00, exclusive of interest and costs, this court does not have jurisdiction under the provisions of Art. 2249, R.C.S., Vernon's Ann.Civ.St. art. 2249. We overrule this contention.

■ We think it is well settled "that it was the intention of the Legislature to confer the right of appeal upon the issue of venue alone, but in subordination to and in harmony with the general statutes, making the appellate jurisdiction depend upon the amount of the judgment, or the amount in controversy." Moss v. Bross, Tex.Civ. App., 221 S.W. 343, point page 345. Our view is that in determining the amount in controversy we have the right to look to the plaintiff's pleadings in the main suit. See Arrington v. People's Supply Co., Tex. Civ.App., 52 S.W.2d 678. See also Universal Credit Co. v. Cunningham, Tex.Civ. App., 108 S.W.2d 699; Miller v. Black, 56 Tex.Civ.App. 320, 120 S.W. 559. Our Supreme Court in Crosby v. Crosby, 92 Tex. 441, 49 S.W. 359; point page 360, announced the rule that "where there is a cross action in the nature of a counterclaim or plea in reconvention, there are two cases which are triable together; and we understand the rule to be that in order to give an appellate court jurisdiction over the matter, where such jurisdiction depends upon the amount in controversy, either the plaintiff's demand or that of defendant must of itself reach the jurisdictional sum." See Parker v. Miller, Tex.Civ.App., 118 S.W.2d 380, points 1 and 2, page 382, and authorities there cited.

Appellant's first point is: "The court erred in finding * * * defendant's cross-complaint was based on tort and not finding such cross-complaint to be a matter arising out of the subject matter of plaintiff's suit." We overrule this contention.

■ Section (g) of Rule 97, Texas Rules of Civil Procedure, is controlling and it provides: "Tort shall not be the subject of set-off or counter-claim against a contractual demand nor a contractual demand against tort unless it arises out of or is incident to or is connected with same." The cause of action asserted in appellees' petition is based solely on an insurance contract. Appellant filed no written pleading setting out his cross-action and we must look to the citation in the Justice Court to ascertain the nature of his asserted cross-action. The citation states: "Defendant sues in cross-action for the sum of $100.00, alleging said sum to be for damages by reason of malicious prosecution in refiling this case in Falls County, Texas, after that court had entered judgment transferring

said case to McLennan County, Texas." Appellant had the burden to make out a case of malicious prosecution against plaintiffs in McLennan County, Texas. This he wholly failed to do. See Compton v. Elliott, Tex.Civ.App., 55 S.W.2d 247, and certified questions answered by Supreme Court in 126 Tex. 232, 88 S.W.2d 91. Assuming without deciding that defendant alleged a cause of action against plaintiff, such cause of action, if any, must be regarded as a specific tort. See 38 C.J. p. 383; also 28 Tex.Jur., sec. 20, p. 478, and sec. 5, p. 449, and authorities there collated.

■ It is clear to us that plaintiff's suit was based on a contract and that defendants' claimed cross-action is based on a tort, and that the trial court correctly sustained plaintiff's plea of privilege to defendants' asserted cross-action. See Coats · v. Williams, Tex.Civ.App., 229 S.W. 961; Altgelt v. Harris, Tex.Sup., 11 S.W. 857; Korioth v. McGraw, Tex.Civ.App., 37 S.W. 2d 347.

The judgment of the trial court is affirmed.