**UNITED AMERICAN INSURANCE COMPANY, Appellant,**

v.

**Charles L. McPHAIL, Appellee.**

**No. 404.**

Court of Civil Appeals of Texas.

Tyler.

Dec. 5, 1968.

Rehearing Denied Jan. 9, 1969.

Harless, Bailey & Youngblood, Bruce Youngblood, Dallas, for appellant.

Adams, Granberry & Hines, Chester V. Hines, Crockett, for appellee.

SELLERS, Justice.

Appellee Charles L. McPhail filed this suit in the County Court of Houston County, Texas, to recover upon a contract with the appellant, United American Insurance Company, for certain commissions alleged to be due him in the sum of $992.00 and further alleged as follows:

"Your Plaintiff would further show that in order to prosecute his rights and recover the aforementioned damages, it has been necessary for him to obtain the services of an attorney whose reasonable services are worth in Houston County, Texas, the sum of $1,250.00, for which your Plaintiff also prays for judgment.

"WHEREFORE, premises considered, your Plaintiff prays that the Defendant be cited and caused to answer herein, and that upon trial of this cause, that he obtain judgment from your Defendant in the amount of $992,00, together with attorneys fees of $1,250.00, for costs

of this suit, and for such other and further relief, in law or in equity, to which he may show himself justly entitled."

Appellant filed its plea of privilege, in due form, to be sued in Dallas County, Texas, and, subject to the plea of privilege, filed an answer denying the allegations in appellee's suit. This plea was contested by appellee. The Court set the hearing on the plea of privilege, at which both sides appeared, and the Court after hearing the evidence and argument of counsel, over-ruled the plea of privilege of appellant, from which ruling the appellant has prosecuted this appeal to this Court.

This Court has concluded that the County Court of Houston County had no jurisdiction of this case since the amount sued for is far more than the constitutional amount of $1,000.00 conferred on the County Courts. If we are right in this holding, this Court has no jurisdiction to pass upon the venue question, but must dismiss the appeal at appellant's cost.

We are of the opinion that the question was squarely before the court in the case of Southern Medical & Hospital Service v. Buie-Allen Hospital, 204 S.W.2d 996, where it is held at page 998:

"We think it is well settled 'that it was the intention of the Legislature to confer the right of appeal upon the issue of venue alone, but in subordination to and in harmony with the general statutes, making the appellate jurisdiction depend upon the amount of the judgment, or the amount in controversy.' Moss v. Bross, Tex.Civ.App., 221 S.W. 343, point page 345. Our view is that in determining the amount in controversy we have the right to look to the plaintiff's pleadings in the main suit. * * *"

The appellant contends that the petition shows on its face that the attorney's fees are not recoverable in this case and therefore should not be taken into consideration in passing upon this court's jurisdiction.

This question has not been passed upon by a trial court with jurisdiction to determine that issue, and until then this Court will not pass upon the question. Florence v. Florence, Tex.Civ.App., 388 S.W.2d 220.

The cause is dismissed at appellant's cost for want of jurisdiction in both this court and the County Court.