NO. 12-03-00361-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
ALLEN TYRONE ROBINSON,                        §                 APPEAL FROM THE 87TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

HENRIQUE D. LARREW, ET AL,
APPELLEES                                                      §                 ANDERSON COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Allen Tyrone Robinson has filed a motion for rehearing, which is denied. We withdraw our
opinion of February 10, 2005 and substitute the following opinion in its place.
            Allen Tyrone Robinson, an inmate in the Texas Department of Criminal Justice-Institutional
Division (“TDCJ”), proceeding pro se, filed an in forma pauperis suit against Henrique Larrew, Tina
Staples, Michael Sizemore, and TDCJ. Robinson appeals the trial court’s order dismissing his suit
pursuant to Texas Civil Practice and Remedies Code, section 14.003. Robinson raises three issues
on appeal. We modify and, as modified, affirm.
 
Background
            Robinson is an inmate. While incarcerated, Robinson filed a civil suit against Larrew, a
TDCJ correctional officer; Staples, a property officer for Robinson’s unit at TDCJ; Sizemore, an
assistant warden; and TDCJ (collectively “Appellees”). In his lawsuit, Robinson alleges that by
confiscating his radio, fan, and bag of legal materials and books during a “shakedown,” Appellees
are liable for depriving Robinson of his due process rights pursuant to the United States Constitution. 
Robinson sought a declaratory judgment and injunctive relief, as well as compensatory and punitive
damages. In conjunction with his original petition, Robinson filed a declaration of previous lawsuits,
in which he designated seven previously-filed actions.  
            On September 26, 2003, without conducting a hearing, the trial court found that Robinson’s
suit was frivolous or malicious and dismissed it with prejudice pursuant to Texas Civil Practice and
Remedies Code section 14.003. This appeal followed.
 
Dismissal Pursuant to Texas Civil Practice and Remedies Code Chapter 14
            In his first issue, Robinson argues that the trial court's dismissal was improper. We review
the trial court's dismissal of an in forma pauperis suit under an abuse of discretion standard. Hickson
v. Moya, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ). A trial court abuses its discretion
if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. Lentworth
v. Trahan, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no pet.). We will affirm a
dismissal if it was proper under any legal theory. Johnson v. Lynaugh, 796 S.W.2d 705, 706–07
(Tex. 1990); Birdo v. Ament, 814 S.W.2d 808, 810 (Tex. App.–Waco 1991, writ denied). The trial
courts are given broad discretion to determine whether a case should be dismissed because (1)
prisoners have a strong incentive to litigate; (2) the government bears the cost of an in forma
pauperis suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues
to the benefit of state officials, courts, and meritorious claimants. See Montana v. Patterson, 894
S.W.2d 812, 814–15 (Tex. App.–Tyler 1994, no writ).
            Chapter 14 of the Texas Civil Practice and Remedies Code controls suits brought by an
inmate in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs.



Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon 2002); Hickson, 926 S.W.2d at 398.
Section 14.003 provides that a trial court may dismiss a claim before or after service of process if
the court finds that the claim is frivolous or malicious. See Tex. Civ. Prac. & Rem. Code Ann.
§ 14.003(a)(2) (Vernon 2002). In determining whether a claim is frivolous or malicious, a trial court
may consider whether the claim is substantially similar to a previous claim filed by the inmate
because the claim arises out of the “same operative facts.” Id. at § 14.003(b)(4). To enable a trial
court to determine whether the suit is substantially similar to a previous one, an inmate is required
to file a separate affidavit or unsworn declaration describing all other suits the inmate has brought
and stating the “operative facts” upon which relief was sought. Id. at § 14.004(a)(2)(A).
            In the case at hand, the record contains no affidavits or unsworn declarations in compliance
with Texas Civil Practice and Remedies Code, section 14.004. Robinson filed a declaration listing
previous lawsuits filed, but failed to sufficiently set forth in detail the “operative facts” upon which
relief was sought in each suit. In some instances, Robinson attempted to provide greater detail of
a previously-filed suit’s operative facts, while in describing the relevant facts with regard to other
previously-filed actions, Robinson offered little more than the legal theory upon which relief was
sought. Without a more detailed description of the operative facts surrounding each of Robinson's
previous lawsuits, the trial court was unable to consider whether Robinson's current claim was
substantially similar to his previous claims. See Bell v. Texas Dep't of Criminal Justice–Inst. Div.,
962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998, pet. denied).
            When an inmate files an affidavit or declaration that fails to comply with the requirements
of section 14.004, “the trial court is entitled to assume that the suit is substantially similar to one
previously filed by the inmate, and therefore, frivolous.” Bell, 962 S.W.2d at 158. Accordingly, we
hold that the trial court did not abuse its discretion when it dismissed Robinson's suit.


 Id. 
Robinson’s first issue is overruled.
 
Assessment of Costs
            In his second issue Robinson argues that the trial court improperly ordered that $197.00 be
deducted from his trust account without determining whether twenty percent of the deposits from
the preceding six months to his trust account was a lesser sum. A court may order an inmate who
has filed a claim to pay court fees, court costs, and other costs in an amount equal to the lesser of
either (1) twenty percent of the preceding six months’ deposits to the inmate’s trust account; or (2)
the total amount of court fees and costs. See Tex. Civ. Prac. & Rem. Code Ann. § 14.006(a), (b)
(Vernon 2002). 
            In the case at hand, the trial court’s order dismissing Robinson’s lawsuit stated as follows:
 
            It is further ORDERED that the inmate pay an amount equal to the lesser of:
 
              1)           20 percent of the preceding six month deposits to the inmate’s trust account; or
 
              2)           the total amount of court fees and costs charged to the inmate in this cause.


In Thomas, the court of appeals held that the trial court’s order assessing costs, which contained the
verbatim language as the instant order, did not constitute an abuse of discretion. See Thomas, 54
S.W.3d at 847. We agree. Here, the trial court’s order tracks the language of Section 14.006(b). 
We hold that the trial court did not abuse its discretion in assessing costs and court fees against
Robinson in accordance with Section 14.006(b). Robinson’s second issue is overruled.
 
Actions of TDCJ
            In his third issue, Robinson argues that TDCJ clearly erred and abused its discretion in
charging Robinson’s trust account for $197.00 in court costs and fees. Appellant contends that we
should issue an order requiring TDCJ to show cause why it should not be held in contempt of court.
            The jurisdiction of this court of appeals is, except where otherwise specially provided,
appellate only. Tex. Gov’t Code Ann. § 22.220(a) (Vernon 2004); see also Thorp Springs
Christian College v. Dabney, 37 S.W.2d 193, 196 (Tex. Civ. App.–Fort Worth 1931, no writ). The
scope of our appellate jurisdiction is limited to review of decisions by a lower court. See United Am.
Ins. Co. v. McPhail, 435 S.W.2d 624, 625-26 (Tex. Civ. App.–Tyler 1968, no writ); see also Walker
v. Koger, 131 S.W.2d 1074, 1074 (Tex. Civ. App.–Eastland 1939, writ dism'd) (The subject matter
of an assignment of error is some ruling or action of the court). Here, since Robinson complains of
an act by TDCJ rather than a decision of the trial court, we lack jurisdiction over the matter. 
Therefore, we decline to address Robinson’s third issue.
 
 
Conclusion
            Robinson’s issue three is dismissed for want of jurisdiction. The trial court’s dismissal of
Robinson’s suit with prejudice was improper. We modify the trial court's order of dismissal by
deleting the words “with prejudice” and substituting in their place the words “without prejudice.” 
Having overruled Robinson’s issues one and two, we affirm the trial court’s dismissal order as
modified.
 
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
 
Opinion delivered March 31, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.























(PUBLISH)