Opinion filed January 20,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00035-CV

                                                    __________

 

                                ELLIOTT
S. WINFIELD, Appellant 

 

                                                             V.

 

                         TERRY
D. KILPATRICK ET AL, Appellees



 

                                   On
Appeal from the 259th District Court

 

                                                             Jones
County, Texas

 

                                                     Trial
Court Cause No. 021925

 



 

M E M O R A N D U
M   O P I N I O N

 

            Elliott S. Winfield, an inmate in the French Robertson Unit of the Texas Department of
Criminal Justice, sued the Department and numerous employees of the Department
for malicious prosecution.  He contends that employees of the Department
instituted an improper disciplinary action against him based upon a falsified
offense report.  He asserts that these employees violated his constitutional
rights based upon their participation in the disciplinary action.  He sought
money damages, injunctive relief, and declaratory relief for the alleged
malicious prosecution.  The trial court dismissed all of Winfield’s claims
pursuant to Chapter Fourteen of the Texas Civil Practice and Remedies Code
based upon its determination that his claims were frivolous.  Tex. Civ. Prac. & Rem. Code Ann. ch.
14 (Vernon 2002).  We affirm.

            Winfield
challenges the trial court’s order of dismissal in nine issues.  He asserts in
his first issue that the trial court’s order of dismissal was erroneous and
contrary to the law.  Chapter Fourteen of the Texas Civil Practice and Remedies
Code applies when, as here, an inmate files suit in a district court and files
a declaration of indigency.  See Section 14.002.  Under Chapter Fourteen,
a trial court may dismiss an inmate’s lawsuit for failing to comply with the
chapter’s procedural requirements; it may also dismiss a lawsuit that is frivolous
or malicious.  Id. Section 14.003; Scott v. Gallagher, 209
S.W.3d 262, 265 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  We review a
dismissal under Chapter Fourteen for an abuse of discretion.  Bishop v.
Lawson, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied).  When
an inmate’s lawsuit is dismissed as frivolous for having no basis in law or in
fact, but no fact hearing is held, our review focuses on whether the inmate’s
lawsuit has an arguable basis in law. See Section 14.003; Scott,
209 S.W.3d at 266.   A clear failure by the trial court to analyze or apply the
law correctly is an abuse of discretion.  McDaniel v. Yarbrough, 898
S.W.2d 251, 253 (Tex. 1995).

            In
conducting our review, we take as true the allegations in the inmate’s petition
and review the types of relief and causes of action set out therein to
determine whether, as a matter of law, the petition stated a cause of action
that would authorize relief.  See Scott, 209 S.W.3d at 266; Harrison
v. Tex. Dep’t of Criminal Justice, Inst. Div., 164 S.W.3d 871, 875 (Tex. App.—Corpus
Christi 2005, no pet.).  A claim has no arguable basis in law if it is an
indisputably meritless legal theory.  Scott, 209 S.W.3d at 266-67.  
Further, a claim has no arguable basis in law if the inmate has failed to
exhaust his administrative remedies.  Retzlaff v. Tex. Dep’t of Criminal
Justice, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet.
denied).  If an inmate fails to exhaust his administrative remedies, we may
affirm a dismissal even if the ground was not presented in a motion to dismiss. 
Section 14.005;  Retzlaff, 94 S.W.3d at 653.

            The
trial court did not conduct a hearing before it dismissed Winfield’s lawsuit. 
Therefore, the issue before us is whether the trial court properly determined
that there was no arguable basis in law for Winfield’s claims.  See Scott,
209 S.W.3d at 266; Retzlaff, 94 S.W.3d at 653.  We conclude that the
trial court did not abuse its discretion in determining that there was no
arguable basis in law for Winfield’s claims arising from the purported
malicious prosecution.

            Winfield had to allege the following facts to support a prima facie claim of malicious
prosecution:  (1) the institution or continuation of civil proceedings against him;
(2) by or at the insistence of the defendants; (3) malice in the commencement
of the proceeding; (4) lack of probable cause for the proceeding; (5)
termination of the proceeding in his favor; and (6) special damages.  Tex.
Beef Cattle Co. v. Green, 921 S.W.2d 203, 208 (Tex. 1996).[1] 
Assuming arguendo that a claim for malicious prosecution exists for an
administrative disciplinary proceeding, Winfield failed to allege facts showing
the disciplinary proceeding was sufficiently terminated in his favor.  

            As
required by Section 14.005(a)(2), Winfield attached copies of the Step 1 and
Step 2 grievances that he filed to protest the outcome of the disciplinary
proceeding.[2] 
Winfield alleged in his Step 1 grievance that he was not allowed to present
evidence as a part of his defense in the disciplinary proceeding.  The Step 1
grievance was denied with the following notation:  

            Major
disciplinary case #20090103784 has been reviewed and no procedural errors were
noted.  You were present at the hearing and afforded an opportunity to present
your defense.  The guilty verdict was supported by a preponderance of the
evidence.  The punishment imposed was within guidelines.  As there are no
apparent due process errors, there is no reason to warrant overturning this
case.

 

            In
his Step 2 grievance, Winfield re-urged his contention that he was not allowed
to present evidence as a part of his defense in the disciplinary proceeding. 
Winfield prevailed on this procedural claim in the Step 2 grievance with the
following ruling: “Disciplinary case #20090103784 will be overturned.  Your
records regarding this case will be corrected.  The option to rehear this
case will be left to the Warden’s discretion” (emphasis added).  The
essential question to be determined from the outcome of the Step 2 grievance is
whether “the proceedings have terminated in favor of the accused.”  Davis
v. City of San Antonio, 752 S.W.2d 518, 523 (Tex. 1988) (emphasis added).  The
outcome of the Step 2 grievance does not constitute a termination of the
disciplinary proceeding in Winfield’s favor because the Step 2 grievance ruling
specifically states that the warden had the option of rehearing the case.  A
proceeding is not terminated favorably for the accused if the prosecution can
be revived.  Id.  Accordingly, the supporting documentation for
Winfield’s lawsuit affirmatively negates an element of a malicious prosecution
claim.  The trial court did not abuse its discretion in determining that
Winfield’s claims were frivolous.  Winfield’s first issue is overruled. 

            Winfield
asserts in his fourth issue that the trial court erred in dismissing his
lawsuit prior to the date of a pretrial hearing that the trial court had
previously scheduled in the case.  Section 14.003 provides the trial court
with the authority to dismiss a frivolous inmate action at any time with or
without a motion to dismiss being filed.  The fact that the trial court may
have previously scheduled a pretrial hearing did not alter the trial court’s
statutory authority for dismissing a frivolous lawsuit at any time.  Winfield’s
fourth issue is overruled.

            In
his fifth issue, Winfield contends that the trial court abused its discretion
by dismissing his lawsuit without holding a hearing.  As noted previously, the
trial court is not required to conduct a hearing before dismissing a frivolous
inmate lawsuit if there is no arguable basis in law for the inmate’s claims.  See
Scott, 209 S.W.3d at 266; Retzlaff, 94 S.W.3d at 653.  Accordingly,
the trial court did not err in dismissing Winfield’s claims without conducting
a hearing because there was no arguable basis in law for his claims. 
Winfield’s fifth issue is overruled.

Winfield
argues in his second issue that the trial court erred
in refusing to issue written findings of fact and conclusions of law after the
dismissal.  When a trial court renders a judgment or dismisses a cause without
hearing any evidence, findings of fact are not appropriate.  See IKB Indus. v.
Pro-Line Corp., 938 S.W.2d 440, 443 (Tex. 1997); Timmons v. Luce,
840 S.W.2d 582, 586 (Tex. App.—Tyler 1992, no writ).  Accordingly, findings of
fact and conclusions of law are not appropriate in the present case. 
Winfield’s second issue is overruled.  

Winfield’s
third and sixth issues concern the preparation of the clerk’s record on
appeal.  We have previously addressed Winfield’s complaints regarding the
clerk’s record in several orders issued during the pendency of this appeal. 
Accordingly, his third and sixth issues are overruled as moot.

            In
his seventh issue, Winfield protests the acts and omissions of the Department
and its employees as constituting willful blindness and deliberate ignorance of
the violation of his constitutional rights.  The jurisdiction of this court of appeals is, except where otherwise specially provided, appellate only.  Tex. Gov’t Code Ann. § 22.220(a)
(Vernon Supp. 2010); see also Thorp Springs Christian Coll. v. Dabney,
37 S.W.2d 193, 196 (Tex. Civ. App.—Fort Worth 1931, no writ).  The scope
of our appellate jurisdiction is limited to the review of decisions made by a
lower court.  See United Am. Ins. Co. v. McPhail, 435 S.W.2d 624, 625-26
(Tex. Civ. App.—Tyler 1968, no writ); see also Walker v. Koger, 131
S.W.2d 1074, 1075 (Tex. Civ. App.—Eastland 1939, writ dism’d judgm’t cor.) (The
subject matter of an assignment of error is some ruling or action of the trial
court.).  Here, since Winfield complains of acts and omissions by the
Department and its employees, rather than a decision of the trial court, we
lack jurisdiction over the matter.  Therefore, we decline to address Winfield’s
seventh issue.

            Winfield
complains of the premature billing of costs in his eighth and ninth issues. 
However, he has not adequately briefed these issues for appellate review
because he has not provided any argument in support of these issues.  In this
regard, Winfield has combined the argument and authorities in support of his
nine issues in a single section in his brief.  Winfield’s eighth and ninth
issues are overruled.  All of Winfield’s arguments on appeal have been
considered, and each is overruled.  

             The
trial court’s order of dismissal is affirmed.

 

            

                                                                                                PER
CURIAM

 

 

January 20, 2011

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









                [1]The elements of a malicious prosecution claim arising
from a criminal prosecution are virtually identical.  See Richey v. Brookshire
Grocery Co., 952 S.W.2d 515, 517 (Tex. 1997) (To successfully assert a
claim for malicious prosecution, a plaintiff must show by a preponderance of
the evidence that (1) a criminal prosecution was commenced against him; (2) the
defendant initiated or procured that prosecution; (3) the prosecution
terminated in his favor; (4) he was innocent of the charges; (5) the defendant lacked
probable cause to initiate the prosecution; (6) the defendant acted with
malice; and (7) he suffered damages.).

 





                [2]See
Leachman v. Dretke, 261 S.W.3d 297, 308-12 (Tex. App.—Fort Worth 2008, no
pet.), for a discussion of the Department’s grievance procedures.