**Opinion filed January 20, 2011**



In The

# Eleventh Court of Appeals

_____

### No. 11-10-00035-CV

_____

## ELLIOTT S. WINFIELD, Appellant

## V.

## TERRY D. KILPATRICK ET AL, Appellees

**On Appeal from the 259th District Court**

**Jones County, Texas**

**Trial Court Cause No. 021925**

### M E M O R A N D U M   O P I N I O N

Elliott S. Winfield, an inmate in the French Robertson Unit of the Texas Department of Criminal Justice, sued the Department and numerous employees of the Department for malicious prosecution. He contends that employees of the Department instituted an improper disciplinary action against him based upon a falsified offense report. He asserts that these employees violated his constitutional rights based upon their participation in the disciplinary action. He sought money damages, injunctive relief, and declaratory relief for the alleged malicious prosecution. The trial court dismissed all of Winfield's claims pursuant to Chapter Fourteen of

the Texas Civil Practice and Remedies Code based upon its determination that his claims were frivolous. TEX. CIV. PRAC. & REM. CODE ANN. ch. 14 (Vernon 2002). We affirm.

Winfield challenges the trial court's order of dismissal in nine issues. He asserts in his first issue that the trial court's order of dismissal was erroneous and contrary to the law. Chapter Fourteen of the Texas Civil Practice and Remedies Code applies when, as here, an inmate files suit in a district court and files a declaration of indigency. *See* Section 14.002. Under Chapter Fourteen, a trial court may dismiss an inmate's lawsuit for failing to comply with the chapter's procedural requirements; it may also dismiss a lawsuit that is frivolous or malicious. *Id*. Section 14.003; *Scott v. Gallagher*, 209 S.W.3d 262, 265 (Tex. App.—Houston [1st Dist.] 2006, no pet.). We review a dismissal under Chapter Fourteen for an abuse of discretion. *Bishop v. Lawson*, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied). When an inmate's lawsuit is dismissed as frivolous for having no basis in law or in fact, but no fact hearing is held, our review focuses on whether the inmate's lawsuit has an arguable basis in law. *See* Section 14.003; *Scott*, 209 S.W.3d at 266. A clear failure by the trial court to analyze or apply the law correctly is an abuse of discretion. *McDaniel v. Yarbrough*, 898 S.W.2d 251, 253 (Tex. 1995).

In conducting our review, we take as true the allegations in the inmate's petition and review the types of relief and causes of action set out therein to determine whether, as a matter of law, the petition stated a cause of action that would authorize relief. *See Scott*, 209 S.W.3d at 266; *Harrison v. Tex. Dep't of Criminal Justice, Inst. Div.*, 164 S.W.3d 871, 875 (Tex. App.—Corpus Christi 2005, no pet.). A claim has no arguable basis in law if it is an indisputably meritless legal theory. *Scott*, 209 S.W.3d at 266-67. Further, a claim has no arguable basis in law if the inmate has failed to exhaust his administrative remedies. *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). If an inmate fails to exhaust his administrative remedies, we may affirm a dismissal even if the ground was not presented in a motion to dismiss. Section 14.005; *Retzlaff*, 94 S.W.3d at 653.

The trial court did not conduct a hearing before it dismissed Winfield's lawsuit. Therefore, the issue before us is whether the trial court properly determined that there was no arguable basis in law for Winfield's claims. *See Scott*, 209 S.W.3d at 266; *Retzlaff*, 94 S.W.3d at 653. We conclude that the trial court did not abuse its discretion in determining that there was no arguable basis in law for Winfield's claims arising from the purported malicious prosecution.

2

Winfield had to allege the following facts to support a prima facie claim of malicious prosecution: (1) the institution or continuation of civil proceedings against him; (2) by or at the insistence of the defendants; (3) malice in the commencement of the proceeding; (4) lack of probable cause for the proceeding; (5) termination of the proceeding in his favor; and (6) special damages. *Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 208 (Tex. 1996).[1] Assuming arguendo that a claim for malicious prosecution exists for an administrative disciplinary proceeding, Winfield failed to allege facts showing the disciplinary proceeding was sufficiently terminated in his favor.

As required by Section 14.005(a)(2), Winfield attached copies of the Step 1 and Step 2 grievances that he filed to protest the outcome of the disciplinary proceeding.[2] Winfield alleged in his Step 1 grievance that he was not allowed to present evidence as a part of his defense in the disciplinary proceeding. The Step 1 grievance was denied with the following notation:

> Major disciplinary case #20090103784 has been reviewed and no procedural errors were noted. You were present at the hearing and afforded an opportunity to present your defense. The guilty verdict was supported by a preponderance of the evidence. The punishment imposed was within guidelines. As there are no apparent due process errors, there is no reason to warrant overturning this case.

In his Step 2 grievance, Winfield re-urged his contention that he was not allowed to present evidence as a part of his defense in the disciplinary proceeding. Winfield prevailed on this procedural claim in the Step 2 grievance with the following ruling: "Disciplinary case #20090103784 will be overturned. Your records regarding this case will be corrected. *The option to rehear this case will be left to the Warden's discretion*" (emphasis added). The essential question to be determined from the outcome of the Step 2 grievance is whether "the proceedings have *terminated* in favor of the accused." *Davis v. City of San Antonio*, 752 S.W.2d 518, 523 (Tex. 1988) (emphasis added). The outcome of the Step 2 grievance does not constitute a termination of the disciplinary proceeding in Winfield's favor because the Step 2 grievance

---

[1]The elements of a malicious prosecution claim arising from a criminal prosecution are virtually identical. *See Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex. 1997) (To successfully assert a claim for malicious prosecution, a plaintiff must show by a preponderance of the evidence that (1) a criminal prosecution was commenced against him; (2) the defendant initiated or procured that prosecution; (3) the prosecution terminated in his favor; (4) he was innocent of the charges; (5) the defendant lacked probable cause to initiate the prosecution; (6) the defendant acted with malice; and (7) he suffered damages.).

[2]See *Leachman v. Dretke*, 261 S.W.3d 297, 308-12 (Tex. App.—Fort Worth 2008, no pet.), for a discussion of the Department's grievance procedures.

ruling specifically states that the warden had the option of rehearing the case. A proceeding is not terminated favorably for the accused if the prosecution can be revived. *Id.* Accordingly, the supporting documentation for Winfield's lawsuit affirmatively negates an element of a malicious prosecution claim. The trial court did not abuse its discretion in determining that Winfield's claims were frivolous. Winfield's first issue is overruled.

Winfield asserts in his fourth issue that the trial court erred in dismissing his lawsuit prior to the date of a pretrial hearing that the trial court had previously scheduled in the case. Section 14.003 provides the trial court with the authority to dismiss a frivolous inmate action at any time with or without a motion to dismiss being filed. The fact that the trial court may have previously scheduled a pretrial hearing did not alter the trial court's statutory authority for dismissing a frivolous lawsuit at any time. Winfield's fourth issue is overruled.

In his fifth issue, Winfield contends that the trial court abused its discretion by dismissing his lawsuit without holding a hearing. As noted previously, the trial court is not required to conduct a hearing before dismissing a frivolous inmate lawsuit if there is no arguable basis in law for the inmate's claims. *See Scott*, 209 S.W.3d at 266; *Retzlaff*, 94 S.W.3d at 653. Accordingly, the trial court did not err in dismissing Winfield's claims without conducting a hearing because there was no arguable basis in law for his claims. Winfield's fifth issue is overruled.

Winfield argues in his second issue that the trial court erred in refusing to issue written findings of fact and conclusions of law after the dismissal. When a trial court renders a judgment or dismisses a cause without hearing any evidence, findings of fact are not appropriate. *See IKB Indus. v. Pro-Line Corp.*, 938 S.W.2d 440, 443 (Tex. 1997); *Timmons v. Luce*, 840 S.W.2d 582, 586 (Tex. App.—Tyler 1992, no writ). Accordingly, findings of fact and conclusions of law are not appropriate in the present case. Winfield's second issue is overruled.

Winfield's third and sixth issues concern the preparation of the clerk's record on appeal. We have previously addressed Winfield's complaints regarding the clerk's record in several orders issued during the pendency of this appeal. Accordingly, his third and sixth issues are overruled as moot.

In his seventh issue, Winfield protests the acts and omissions of the Department and its employees as constituting willful blindness and deliberate ignorance of the violation of his constitutional rights. The jurisdiction of this court of appeals is, except where otherwise

specially provided, appellate only. TEX. GOV'T CODE ANN. § 22.220(a) (Vernon Supp. 2010); *see also Thorp Springs Christian Coll. v. Dabney*, 37 S.W.2d 193, 196 (Tex. Civ. App.—Fort Worth 1931, no writ). The scope of our appellate jurisdiction is limited to the review of decisions made by a lower court. *See United Am. Ins. Co. v. McPhail*, 435 S.W.2d 624, 625-26 (Tex. Civ. App.—Tyler 1968, no writ); *see also Walker v. Koger*, 131 S.W.2d 1074, 1075 (Tex. Civ. App.—Eastland 1939, writ dism'd judgm't cor.) (The subject matter of an assignment of error is some ruling or action of the trial court.). Here, since Winfield complains of acts and omissions by the Department and its employees, rather than a decision of the trial court, we lack jurisdiction over the matter. Therefore, we decline to address Winfield's seventh issue.

Winfield complains of the premature billing of costs in his eighth and ninth issues. However, he has not adequately briefed these issues for appellate review because he has not provided any argument in support of these issues. In this regard, Winfield has combined the argument and authorities in support of his nine issues in a single section in his brief. Winfield's eighth and ninth issues are overruled. All of Winfield's arguments on appeal have been considered, and each is overruled.

The trial court's order of dismissal is affirmed.

PER CURIAM

January 20, 2011

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

5